# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FRESH DAIRY PRODUCTS
ANTITRUST LITIGATION                                                MDL No. 2340

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in an action pending in the Eastern District of Pennsylvania move to centralize this litigation in that district. Their motion encompasses four actions – movants' action and three actions pending in the Northern District of California, as listed on Schedule A. Responding defendants[1] support centralization, but in the Northern District of California. Plaintiffs in the Northern District of California actions did not submit a response.

After considering all argument of counsel, we will deny the motion, although we acknowledge that the four actions share certain factual issues as to whether defendants engaged in coordinated efforts to limit the production of raw farm milk, through premature "herd retirements," in order to increase the price of raw farm milk and thereby intentionally inflate the price of dairy products. At the same time, there are, as a practical matter, really only two actions in this docket, as the three Northern District of California actions have been consolidated. *See In re Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."). Moreover, the putative statewide classes in the consolidated actions consist of *indirect* purchasers of milk products, whereas movants' action is brought on behalf of a putative nationwide class of *direct* purchasers of such products. The classes thus do not appear to overlap.[2] Plaintiffs in the consolidated actions share counsel, and at least some defendants (including, for example, National Milk Producers Association and Dairy Farmers of America, Inc.) are represented by the same law firms in both movants' action and the consolidated actions. Given the limited number of actions, we believe that informal cooperation among the involved attorneys is quite

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] National Milk Producers Federation; Dairy Farmers of America, Inc.; Land O' Lakes, Inc; Dairylea Cooperative, Inc.; and Agri-Mark, Inc.

[2] Although we have centralized litigations involving both direct purchaser putative class actions and indirect purchaser putative class actions, those MDLs generally have involved a greater number of actions at the outset. *E.g.*, *In re: BP Prods. North Am., Inc. Antitrust Litig. (No. II)*, 560 F. Supp. 2d 1377, 1378 (J.P.M.L. 2008) (centralizing seventeen actions).

- 2 -

practicable.[3] *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| W. Royal Furgeson, Jr. | Barbara S. Jones |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | |

---

[3] At oral argument, movants' counsel appeared to acknowledge that the need for centralization in this docket was not acute.

IN RE: FRESH DAIRY PRODUCTS
ANTITRUST LITIGATION                                    MDL No. 2340

## SCHEDULE A

<u>Northern District of California</u>

Matthew Edwards, et al. v. National Milk Producers Federation, et al.,
  C.A. No. 3:11-04766
Jeffrey Robb, et al. v. National Milk Producers Federation, et al.,
  C.A. No. 3:11-04791
Boys and Girls Club of the East Valley, et al. v. National Milk Producers
  Federation, et al., C.A. No. 3:11-05253

<u>Eastern District of Pennsylvania</u>

Stephen L. LaFrance Holding Inc., et al. v. National Milk Producers Federation, et al.,
  C.A. No. 2:12-00070