IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW EDWARDS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL MILK PRODUCERS FEDERATION, aka COOPERATIVES WORKING TOGETHER, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-04766 JSW<br><br>**ORDER REGARDING AMENDED COMPLAINT** |

Now before the Court is the motion to dismiss filed by Defendants. Defendants are moving to dismiss Plaintiffs' complaint, *inter alia*, on the grounds that their conduct is immune from antitrust liability pursuant to Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292. The Capper-Volstead Act, in conjunction with Section 6 of the Clayton Act, 15 U.S.C. § 17, provides an exemption from liability under section 1 of the Sherman Act, 15 U.S.C. § 1. *See, e.g.*, *Maryland & Va. Milk Producers Ass'n v. United States*, 362 U.S. 458, 466-67 (1960). Regardless of the scope of this exemption, the Supreme Court has made clear that predatory conduct is not exempt from antitrust liability. *Id.* at 465-67 ("a group of farmers acting together as a single entity in an association cannot be restrained from lawfully carrying out the legitimate objects thereof ..., but the section cannot support the contention that it gives such an entity full freedom to engage in predatory trade practices at will") (quotation marks omitted). Defendants agree that predatory conduct is not exempt, but argue that Plaintiffs have not pled any facts that amount to predatory conduct. Upon review of Plaintiffs' complaint, the Court concurs.

Plaintiffs' sole allegation in support of its predatory conduct theory is contained in paragraph 34 of their amended complaint. In this paragraph, Plaintiffs describe Defendants' alleged program to reduce the number of cows in order to reduce the nation's milk output. Plaintiffs allege that "the program in effect put smaller farmers out of business, while unfairly increasing the profits of agribusiness giants." (First Amended Class Action Complaint, ¶ 34.) Plaintiffs do not explain how the alleged program put smaller farmers out of business. Nor do Plaintiffs allege whether these smaller farmers were members of Defendants' cooperatives or were non-members who were adversely affected by Defendants' program.

In their opposition to Defendants' motion to dismiss, Plaintiffs state that they can provide additional details regarding their allegations of predatory conduct but do not describe what such additional details they could plead. Therefore, it is not clear whether or not Plaintiffs could sufficiently plead predatory conduct by Defendants. The Court finds that it would conserve judicial resources to provide Plaintiffs with leave to amend to clarify the facts underlying their theory of predatory conduct before it addresses Defendants' other arguments in support of their motion to dismiss.

Accordingly, the Court HEREBY VACATES the hearing on Defendants' motion to dismiss set for July 27, 2012 and GRANTS Plaintiffs with leave to amend. Plaintiffs shall file their amended complaint by no later than August 10, 2012.[1] If Plaintiffs elect not to file an amended complaint by this date, the Court will reset Defendants' motion to dismiss for a hearing. If Plaintiffs do file an amended complaint by this Date, the Court will terminate the

///
///
///
///
///

---

[1] In their opposition, Plaintiffs clarify that they are no longer asserting that United Ag Services Cooperative, Inc. and National Farmers Organization are not protected cooperatives because their membership is open to non-producers. (Opp. at 12 n.70.) If Plaintiffs elect to file an amended complaint, they shall delete their allegations in support of this argument.

2

pending motion to dismiss as moot. Defendants will be free to raise any of the arguments asserted in their currently pending motion to dismiss in response to Plaintiffs' amended complaint.

**IT IS SO ORDERED.**

Dated: July 19, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE