STEVE W. BERMAN (admitted *pro hac vice*)
GEORGE W. SAMPSON (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: george@hbsslaw.com
 -and-
ELAINE T. BYSZEWSKI (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: elaine@hbsslaw.com

[Additional Counsel Listed on Signature Page]

*Counsel for the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW EDWARDS, *et al*., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MILK PRODUCERS FEDERATION, aka COOPERATIVES WORKING TOGETHER; DAIRY FARMERS OF AMERICA, INC.; LAND O'LAKES, INC.; DAIRYLEA COOPERATIVE INC.; and AGRI-MARK, INC.,<br><br>Defendants. | Case No. 3:11-CV-04766-JSW<br><br>[consolidated with 11-CV-04791-JSW and 11-CV-05253-JSW]<br><br>**REVISED JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [~~PROPOSED~~] SCHEDULING ORDER**<br><br>Judge: Hon. Jeffrey S. White<br>Date: February 8, 2013<br>Time: 1:30 p.m.<br>Courtroom: 11, 19th Floor |

REVISED JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [~~PROPOSED~~] SCHEDULING ORDER

2111319.2

Pursuant to Civil Local Rule 16-9, Plaintiffs and Defendants National Milk Producers Federation, Cooperatives Working Together; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; Dairylea Cooperative Inc.; and Agri-Mark, Inc., (collectively, the "Parties") jointly submit the following revised case management statement.

1. **JURISDICTION AND SERVICE**

    a. **Subject Matter Jurisdiction**

        i. Plaintiffs' Statement

    Pursuant to the Court's Order Regarding Motion to Dismiss Consolidated Amended Complaint Dkt. No. 123 ("Order"), dated October 30, 2012, the Court has jurisdiction over Plaintiffs' claims.[1]

        ii. Defendants' Statement

    Defendants have asserted and maintain that the Court lacks subject matter jurisdiction over Plaintiffs' claims, as 7 U.S.C. § 292 grants exclusive or primary jurisdiction over such claims to the Secretary of the U.S. Department of Agriculture. The Court denied Defendants' motion to dismiss on those grounds.

    b. **Personal Jurisdiction and Venue**

    No party contests personal jurisdiction or venue.

    c. **Service**

    Defendants have been served with process and have appeared.

2. **FACTS**

    a. Plaintiffs' Statement

    In 2003, Defendant National Milk Producers Federation ("NMPF") founded Defendant Cooperatives Working Together ("CWT"), whose members include Defendants Dairy Farmers of America, Land O'Lakes, Dairylea, and Agri-Mark, for the sole stated purpose "to strengthen and stabilize milk prices." From 2003 to 2010, Defendants conspired to limit the production of raw

---

[1] Order at 5 ("the Court finds that it has jurisdiction to consider Plaintiffs' antitrust claims").

farm milk through ten rounds of premature "herd retirements" in order to increase the price of raw farm milk and drive smaller dairy farmers out of business.[2] CWT used nearly all of the revenue created by the mandatory assessments of its members to pay farmers to prematurely slaughter their entire dairy herds.[3] For example, in 2009, CWT member assessments generated $219 million in revenues for CWT, which spent $217 million on herd reductions.[4] By 2010 CWT had eliminated over 2,800 dairy farms from the market.[5] The herd retirement program was a huge success for Defendants, who were responsible for removing over 500,000 cows from production, reducing the nation's milk supply by approximately 10 billion pounds, increasing cumulative milk revenues by $9.55 billion, and thereby increasing the price of milk for consumers.[6] Plaintiffs are indirect purchasers who seek to recover excess monies paid for milk and other fresh milk products.

    b.    <u>Defendants' Statement</u>

Defendants deny many of the factual allegations in the Complaint regarding the purpose, operation, and effect of CWT and the herd retirement program. Defendants maintain that, in any event, the conduct attributed to them in the Complaint is exempt from liability under the Capper-Volstead Act, 7 U.S.C. §§ 291-292, Section 6 of the Clayton Act, 15 U.S.C. § 17, and also state law. Defendants also assert that (a) the filed rate doctrine bars Plaintiffs' claims for damages, which assertion the Court rejected at the motion to dismiss stage, and (b) the doctrine of laches applies to bar Plaintiffs' claims.

**3.    LEGAL ISSUES**

    a.    <u>Plaintiffs' Statement</u>

Plaintiffs believe the primary legal issues are as follows:

---

[2] ¶¶ 1-2, 62-108.
[3] ¶¶ 7, 11.
[4] *Id.*
[5] ¶ 109.
[6] ¶¶ 14, 109, 112-124.

      i.      Capper-Volstead's § 1 antitrust exemption lists "processing, preparing for market, handling, and marketing" but omits producing. Are Defendants' concerted production restraints exempt from antitrust scrutiny under Capper-Volstead?

      ii.     If Defendants' production restraints are not exempt under Capper-Volstead, are Defendants per se liable for conspiring to raise, stabilize, fix, and/or maintain prices of farm milk sold in the U.S. by restricting farm milk production through herd retirements?

      iii.    If so, are Defendants therefore in violation of state antitrust and/or unfair and deceptive trade practices statutes, as well as the common law of unjust enrichment in multiple states?

      iv.    Is this case appropriate for class certification under Federal Rule of Civil Procedure 23?

Plaintiffs note that two of the legal issues listed by Defendants below have already been resolved by this Court. First, this Court determined that the U.S. Department of Agriculture does not have exclusive or primary jurisdiction over this action.[7] Second, this Court determined that the filed-rate doctrine does not bar Plaintiffs' damage claims.[8]

  b.    <u>Defendants' Statement</u>

Defendants suggest that the legal issues include, but are not limited to:

      i.      Whether Plaintiffs' state antitrust, unfair competition, and unjust enrichment claims are barred by state statutory exemptions and immunities for agricultural cooperatives;

---

[7] *See* Order at 3-6 ("The Supreme Court has already determined that the Secretary does not have primary or exclusive jurisdiction.").

[8] *See* Order at 7-10 ("Therefore, the Court denies Defendants' motion to dismiss based on the filed-rate doctrine.").

- 3 -
REVISED JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [PROPOSED] SCHEDULING ORDER

2111319.2

  ii. Whether the Capper-Volstead Act, 7 U.S.C. §§ 291-292, and the Clayton Act, 15 U.S.C. § 17, bar Plaintiffs' claims;

  iii. Whether any class of indirect purchasers may be certified under Federal Rule of Civil Procedure 23;

  iv. Whether Plaintiffs' damage claims are barred by the filed-rate doctrine;

  v. Whether the Secretary of the U.S. Department of Agriculture has exclusive or primary jurisdiction over this action;

  vi. Whether Defendants' alleged conduct violated any of the asserted state antitrust statutes or unfair and deceptive trade practices statutes, or the common law of unjust enrichment;

  vii. Whether Plaintiffs can prove that Defendants caused their alleged injuries and, if so, the existence and extent of any resulting damages; and

  viii. Whether Plaintiffs' claims are time-barred in whole or in part.

**4. MOTIONS**

Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint on December 22, 2011. In its July 19, 2012 Order, the Court granted Plaintiffs leave to amend their pleading "to clarify the facts underlying their theory of predatory conduct." *See* Order (July 19, 2012 (Dkt. No. 105), at 2. Plaintiffs filed a Consolidated Amended Class Action Complaint on August 20, 2012, and Defendants filed another motion to dismiss. In its October 30, 2012 Order, the Court denied Defendants' motion to dismiss without addressing whether Plaintiffs had sufficiently pled predatory conduct. *See* Order (Oct. 30, 2012) (Dkt. No. 123). In addition to Defendants' motions to dismiss, there have been various administrative motions.

 a. <u>Plaintiffs' Statement</u>

Plaintiffs intend to file a motion for class certification and a motion for partial summary judgment on the ground that Defendants' production restraints are not exempt from antitrust liability under the Capper-Volstead Act.

     b.    Defendants' Statement

Defendants expect to oppose Plaintiffs' planned motions for class certification and partial summary judgment. As explained below, Defendants believe that there are certain potentially dispositive matters that the Court should consider before class certification, and they intend to seek leave to file a motion for partial summary judgment on those matters shortly. In addition, Defendants recently submitted a motion to transfer to this Court an action brought by a purported direct purchaser, *Brenda Blakeman v. National Milk Producers Federation et al.*, Case No. 3:12-cv-01246-GPM-PMF (S.D. Ill.), which was filed on December 7, 2012 in the U.S. District Court for the Southern District of Illinois, *see* Paragraph 10, *infra*.

**5.    AMENDMENT OF PLEADINGS**

     a.    Plaintiffs' Statement

Plaintiffs do not anticipate filing an amended pleading at this time but may seek leave to do so in the future based on facts learned in discovery or to conform the operative complaint to their motion for class certification or any order from the Court granting same.

     b.    Defendants' Statement

Plaintiffs commenced this action on September 26, 2011. On October 28, 2011, Plaintiffs filed a First Amended Class Action Complaint. In an Order dated July 19, 2012, the Court granted Plaintiffs leave to amend and set an August 10, 2012 deadline for plaintiffs "to clarify the facts underlying their theory of predatory conduct." *See* Order (July 19, 2012) (Dkt. No. 105), at 2. Plaintiffs filed a Consolidated Amended Class Action Complaint on August 20, 2012. In an Order dated October 30, 2012, the Court noted that Plaintiffs had not pled facts in support of a theory of fraudulent concealment, and set a deadline of November 15, 2012 for Plaintiffs to amend their pleading to include such facts. *See* Order (Oct. 30, 2012) (Dkt. No. 123), at 10 n.6. Plaintiffs did not further amend the complaint by that date. Plaintiffs must seek leave under Federal Rule of Civil Procedure 15(a)(2) before any further amendments may be made.

6. **EVIDENCE PRESERVATION**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties have come to agreement on a stipulation and proposed preservation order, which they concurrently file with the Court for approval.

7. **DISCLOSURES**

The Parties are making their initial disclosures on February 1, 2013, in accordance with the agreed upon schedule further described in Section 17 below.

8. **DISCOVERY**

The parties anticipate written discovery (including document requests, interrogatories, and requests for admission) as well as deposition discovery. The Parties also anticipate that it will be necessary to engage in some third-party discovery. Plaintiffs have recently served document requests and requests for admissions.

**Discovery Plan**

a. **Initial Disclosures (Fed. R. Civ. Proc. 26(f)(3)(A))**

The Parties made their initial disclosures on February 1, 2013, in accordance with the agreed upon schedule further described in Section 17 below.

b. **Subjects, Schedule, and Phasing of Discovery (Fed. R. Civ. Proc. 26(f)(3)(B))**

Plaintiffs believe discovery is needed on numerous subjects, including but not limited to the following: the creation and purpose of CWT; its membership; annual assessments collected by CWT and the annuals payments made relating to herd retirements; the effect of CWT's programs on the supply of milk; the effect of CWT's programs on the number of milk farms; the effect of CWT's programs on milk prices; communications between CWT and its members regarding the price of milk; CWT's policies of requiring any farmer participating in the herd retirement program to retire all cows wherever located and to withdraw entirely from dairy farming for at least one

- 6 -
REVISED JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [PROPOSED] SCHEDULING ORDER

2111319.2

1    year; and any attempts to impede the ability of a farmer who had participated in the herd retirement
2    program from producing and/or selling milk again.  Defendants believe discovery is needed on,
3    among other subjects, each of the factors relating to class certification under Rule 23, plaintiff's
4    alleged status and activities as "indirect purchasers," the relationship, if any, between plaintiffs and
5    any absent putative class members, and each of the defendants, and whether plaintiffs sustained
6    any antitrust injury or other damage.

7         Discovery has commenced and will proceed in accordance with the parties' stipulated
8    schedule (below).  The parties agree that document discovery necessary for the class certification
9    motion should be concluded by August 1, 2013.

10        Defendants also respectfully suggest that the Court coordinate discovery in this case with
11   proceedings in the purported direct purchaser action *Brenda Blakeman v. National Milk Producers*
12   *Federation et al.*, Case No. 3:12-cv-01246-GPM-PMF (S.D. Ill.), an action that Defendants have
13   moved to transfer to this Court from the U.S. District Court for the Southern District of Illinois, *see*
14   Paragraph 10, *infra*.

15       **c.  Electronically Stored Information (Fed. R. Civ. Proc. 26(f)(3)(C))**

16        Consistent with the Court's model order, the Parties have been negotiating the terms of
17   proposed orders to govern the preservation and discovery of electronically stored information
18   ("ESI").  The parties have come to agreement on a stipulation and proposed preservation order and
19   a stipulation and proposed ESI protocol, which they concurrently file with the Court for approval.
20   The parties agree to meet and confer regarding non-custodial ESI systems and the terms of a search
21   term protocol by February 28, 2013.[9]

---

[9] Defendants have defined custodial file as follows: A document or electronic file within the administrative control of a particular person.  For example, the data custodian of an email is the owner of the mailbox which contains the message, and the custodian of a document is the person who either maintains administrative control of a document within his or her own files, maintains in a regular place a document or electronic file, or, for electronic files, whose name can be searched on the system metadata for such record(s) in a shared or network drive, system, or server.  The definition of a custodial file does not include any electronic file stored on a shared or network drive, system, or server that is maintained by, revised by, and/or accessible to multiple persons, with the exception that such a document or electronic file is the custodial file of the person who created and regularly maintains such electronic file if the person's name can be searched on the system metadata for such record(s).

    **d. Depositions**

The parties agree that Plaintiffs may notice up to 10 depositions for each Defendant, and may allocate those among fact witnesses and/or 30(b)(6) witnesses. A 7-hour time limitation will apply to each noticed deposition. Defendants together may jointly notice the deposition of each named plaintiff in this action. These deposition numbers are exclusive of experts and third party depositions.

    **e. Issues About Claims of Privilege (Fed. R. Civ. Proc. 26(f)(3)(D))**

There are currently no issues about claims of privilege.

    **f. Modification of the Discovery Rules (Fed. R. Civ. Proc. 26(f)(3)(E))**

The Parties do not intend to enlarge the discovery limitations imposed by the Federal Rules of Civil Procedure at this time but reserve the right to seek to modify these limitations if it becomes necessary.

    **g. Other Orders (Fed. R. Civ. Proc. 26(f)(3)(F))**

The Parties have negotiated the terms of a stipulation and proposed order regarding the protection of confidential documents and the treatment of inadvertently produced privileged materials. The parties have come to agreement on a stipulation and proposed protective order, which they concurrently file with the Court for approval.

**9. CLASS ACTIONS**

    a. <u>Plaintiffs' Statement</u>

Plaintiffs intend to move for certification of 27 state classes, asserting claims under state antitrust statutes and unfair and deceptive trade practices statutes, as well as claims for unjust enrichment. Each state class would be defined as all residents who purchased for their own use and not for resale milk or fresh milk products (including cream, half & half, yogurt, cottage cheese, cream cheese, and sour cream). As more fully set forth in section 17 below, Plaintiffs propose to move for class certification by September 15, 2013.

---

If custodians' names cannot be searched on the system metadata in certain shared or network drives, systems, or servers, the Parties should identify these and provide additional information regarding the shared or network drives, system, or servers to be searched for ESI on a non-custodial basis. The parties agree to exchange this information by February 28, 2013.

b. Defendants' Statement

Defendants expect to oppose Plaintiffs' planned motion for class certification.

**10. RELATED CASES**

There are no pending related cases in the U.S. District Court for the Northern District of California. A related action was filed on December 7, 2012 in the U.S. District Court for the Southern District of Illinois, *Brenda Blakeman v. National Milk Producers Federation et al.*, Case No. 3:12-cv-01246-GPM-PMF (S.D. Ill.), by a purported direct purchaser of milk products. Defendants recently filed a motion to transfer the *Blakeman* action to this Court. Two related cases were voluntarily dismissed, *Stephen L. LaFrance Holding Inc., et al. v. National Milk Producers Federation*, *et al.*, Case No. 2:12-cv-00070 (E.D. Pa.), transferred to the U.S. District Court for the Northern District of California on July 31, 2012, *Stephen L. LaFrance Holding Inc., et al. v. National Milk Producers Federation*, *et al.*, Case No. 3:12-cv-04142 (N.D. Cal. dismissed Aug. 23, 2012), and *Mark Petersen, et al. v. National Milk Producers Federation, et al.*, Case No. 11-cv-03186 (D. Minn. dismissed Oct. 31, 2011). Defendants note that all six of the law firms representing the plaintiff in the recently filed *Blakeman* action also represented the plaintiffs in *Stephen L. LaFrance Holding, Inc.* The plaintiffs in *Stephen L. LaFrance Holding, Inc.* voluntarily dismissed their complaint after the JPML denied their motion for transfer and consolidation in the Eastern District of Pennsylvania and shortly after the action was transferred to this Court. There also are at least two related pending state court actions, one in Missouri, *Kristie Tessandori v. Dairy Farmers of America, Inc.*, Case No. 1216-CV-13257 (Mo. Cir. Ct., Jackson Cnty.), and one in Kansas, *Tom Williams v. Dairy Farmers of America, Inc.*, Case No. 12 CV 98 (Kan. Dist. Ct.).

**11. RELIEF**

a. Plaintiffs' Statement

Plaintiffs seek all relief available under the applicable state laws, including but not limited to (a) restitution and/or damages to class members for their purchases of milk and/or fresh milk products at inflated over-order prices; (b) actual damages, statutory damages, punitive or treble damages, and such other relief as provided by statute and common law; (c) pre-judgment and post-

- 9 -
REVISED JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [PROPOSED] SCHEDULING ORDER

2111319.2

1  judgment interest on such monetary relief; (d) equitable relief in the form of restitution and/or
2  disgorgement of all unlawful or illegal profits received by Defendants as a result of their unlawful
3  conduct; (e) the costs of bringing this suit, including reasonable attorneys' fees; and (f) all other
4  relief to which Plaintiffs and class members may be entitled at law or in equity. Plaintiffs'
5  calculation of damages is in large part dependent on information to be obtained during discovery in
6  this action. Therefore, Plaintiffs have not yet computed damages.

  b. <u>Defendants' Statement</u>

Defendants deny that Plaintiffs are entitled to any of the relief sought. Given that Plaintiffs have not yet stated how they intend to calculate damages, it is too early for Defendants to describe the bases on which they contend damages should be calculated if any liability were to be established.

**12. SETTLEMENT AND ADR**

The Parties have complied with ADR L.R. 3-5. The Parties discussed the possibility of engaging in alternative dispute resolution during the meet and confer process, and preliminarily agree that mediation is preferable to other forms of ADR for this case. The Parties believe that settlement discussions are premature at this time.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to have a magistrate judge conduct all further proceedings.

**14. OTHER REFERENCES**

The Parties agree that this action is not suitable for reference to binding arbitration or a special master. The United States Judicial Panel on Multidistrict Litigation denied a motion filed by plaintiffs in *Stephen L. LaFrance Holding, Inc.* to centralize this action and all similar actions in a single judicial district for coordinated pretrial proceedings.

  c. <u>Plaintiffs' Statement</u>

Should additional actions regarding the same subject matter be filed against Defendants, they can file motions to transfer them to this Court, as Defendants have done with respect to the *Blakeman* action.

- 10 -
REVISED JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [~~PROPOSED~~] SCHEDULING ORDER

2111319.2

    d.    <u>Defendants' Statement</u>

Should additional actions regarding the same subject matter be filed against Defendants, however, this action may then be suitable for reference to the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

    a.    <u>Plaintiffs' Statement</u>

The Parties have not identified any issues that can be currently narrowed by agreement. Plaintiffs intend to move for class certification as soon as practicable based on Defendants' anticipated timing for production of documents. Whether Defendants' production restraints are exempt under the Capper-Volstead Act is a significant threshold issue to resolution of the lawsuit.

    b.    <u>Defendants' Statement</u>

Defendants believe that the case can be narrowed significantly by considering certain discrete legal issues that can be resolved with minimal discovery, including, without limitation, whether some or all of Plaintiffs' state antitrust, unfair competition, and unjust enrichment claims are barred by state statutory exemptions and immunities for agricultural cooperatives.

## 16. EXPEDITED SCHEDULE

At this time the Parties do not believe that an expedited trial schedule is appropriate.

## 17. SCHEDULING

<u>The parties stipulate to the following case management schedule:</u>

| | |
|---|---|
| Last day for Rule 26(a) Initial Disclosures | February 1, 2013 |
| Initial Case Management Conference | February 8, 2013 |
| Last day to negotiate preservation order | February 12, 2013 |
| Last day to negotiate ESI protocol | February 12, 2013 |
| Last day to exchange custodian lists (including positions and dates) and information sufficient to identify relevant shared or network drives, systems, or servers in which custodians' names cannot be searched on the system metadata | February 28, 2013 |
| Last day to negotiate re a search term protocol | February 28, 2013 |
| Last day to meet and confer re custodians/shared drives | March 14, 2013 |

| | | |
|---|---|---|
| 1 | Last day to commence rolling production | May 1, 2013 |
| 2 | Last day to produce documents necessary for class certification | August 1, 2013 |
| 3 | Last day for motion for class certification | September 15, 2013 |
| 4 | Last day to file updated Case Status Report | December 6, 2013 |
| 5 | Last day to file Opposition to motion for class certification | December 13, 2013 |
| 6 | Second Case Management Conference | December 13, 2013 |
| 7 | Last day to file Reply in support of motion for class certification | February 21, 2014 |
| 8 | Fact discovery closes | February 28, 2014 |
| 9 | Hearing on motion for class certification | April 4, 2014 |
| 10 | Last day for expert reports on merits | TBD |
| 11 | Last day for depositions of experts | TBD |
| 12 | Last day for responsive expert reports | TBD |
| 13 | Close of expert discovery | TBD |
| 14 | Last day to file dispositive motions | TBD |
| 15 | Oppositions to dispositive motions | TBD |
| 16 | Reply briefs in support of dispositive motions | TBD |
| 17 | Hearing on dispositive motions | TBD |
| 18 | Motions in limine | TBD |
| 19 | Oppositions to motions to limine | TBD |
| 20 | Joint Proposed Final Pretrial Order | TBD |
| 21 | Pre-trial Conference | TBD |
| 22 | Trial | TBD |

18. **TRIAL**

   a. <u>Plaintiffs' Statement</u>

   Plaintiffs have requested a jury trial that they expect to last approximately three weeks.

b.  Defendants' Statement

Defendants believe it is too early to approximate the length of any trial that should occur.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have each filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

Plaintiffs stated:  "Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

Defendant National Milk Producers Federation stated:  "Pursuant to Civil L.R. 3-16, Defendant National Milk Producers Federation a/k/a Cooperatives Working Together, by and through its undersigned counsel, certifies that as of this date, other than named parties, there is no such interest to report."

Defendant Dairy Farmers of America, Inc. stated:  "Dairy Farmers of America, Inc. is unaware of any person or entity other than the named parties with a financial or other interest that could be substantially affected by the outcome of the proceeding."

Defendant Land O'Lakes, Inc. stated:  "Pursuant to Civil L.R. 3-16, Defendant Land O'Lakes, Inc., by and through its undersigned counsel, certifies that as of this date, other than the named parties, there is no such interest to report."

Defendant Dairylea Cooperative Inc. stated:  "Pursuant to Civil L.R. 3-16, Defendant Dairylea Cooperative Inc., by and through its undersigned counsel, certifies that as of this date, other than named parties, there is no such interest to report."

Defendant Agri-Mark, Inc. stated:  "Pursuant to Civil L.R. 3-16, Defendant Agri-Mark, Inc., by and through its undersigned counsel, certifies that as of this date, other than the named party, there is no such interest to report."

**20.   OTHER MATTERS**

There are no other matters at this time.

Respectfully submitted,

DATED:  February 12, 2013

> By: /s/ Elaine T. Byszewski
> Elaine T. Byszewski
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 301 North Lake Avenue, Suite 203
> Pasadena, CA  91101
> Telephone: (213) 330-7150
> Facsimile: (213) 330-7152
> Email: elaine@hbsslaw.com
>
> Steve W. Berman
> George W. Sampson
> Craig R. Spiegel
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1918 Eighth Avenue, Suite 3300
> Seattle, WA  98101
> Telephone: (206) 623-7292
> Facsimile: (206) 623-0594
> Email: steve@hbsslaw.com
> Email: george@hbsslaw.com
> Email: craig@hbsslaw.com
>
> *Attorneys for the Plaintiffs*

> BAKER & MILLER PLLC
> By: /s/ W. Todd Miller
> W. Todd Miller (*pro hac vice*)
> BAKER & MILLER PLLC
> 2401 Pennsylvania Avenue, N.W., Ste 300
> Washington, D.C.  20037
> Telephone: (202) 663-7820
> Facsimile: (202) 663-7849
> Email: tmiller@bakerandmiller.com
>
> Steven R. Kuney (*pro hac vice*)
> Kevin Hardy (*pro hac vice*)
> WILLIAMS & CONNOLLY LLP
> 725 Twelfth Street, NW
> Washington, D.C. 20005
> Telephone: (202) 434-5000
> Facsimile: (202) 434-5029
> Email: skuney@wc.com
> Email: khardy@wc.com


|   |   |
|---|---|
| 1 | Jesse W. Markham, Jr. (SBN 87788) |
| 2 | Marshall P. Madison Professor of Law |
|   | University of San Francisco School of Law |
|   | 2130 Fulton Street |
| 3 | San Francisco, CA 94117 |
|   | Telephone: (415) 422-4473 |
| 4 | Email: markham@usfca.edu |

*Attorneys for Defendant Dairy Farmers of America, Inc.*

EIMER STAHL LLP
By: /s/ Nathan P. Eimer
Nathan P. Eimer (*pro hac vice*)
Vanessa G. Jacobsen (*pro hac vice*)
Daniel D. Birk (*pro hac vice*)
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7601
Facsimile:  (312) 692-1718
Email: neimer@eimerstahl.com
Email: vjacobsen@eimerstahl.com
Email: dbirk@eimerstahl.com

George A. Nicoud (SBN 106111)
Matthew S. Kahn (SBN 261679)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
Email: tnicoud@gibsondunn.com
Email: mkahn@gisbsondunn.com

*Attorneys for Defendant Land O'Lakes, Inc.*

BOND, SCHOENECK & KING, PLLC
By: /s/ Edward R. Conan
Edward R. Conan (*pro hac vice*)
Suzanne O. Galbato (*pro hac vice*)
Lucy Clippinger (*pro hac vice*)
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Email: econan@bsk.com
Email: sgalbato@bsk.com
Email: lsclippinger@bsk.com

- 15 -
REVISED JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [PROPOSED] SCHEDULING ORDER

2111319.2

William S. Farmer (SBN 46694)
Jacob P. Alpren (SBN 235713)
FARMER BROWNSTEIN LLP
235 Pine Street, Suite 1300
San Francisco, CA 94104
Telephone (direct and fax): (415) 962-2877
Main: (415) 795-2050
Email: wfarmer@farmerbrownstein.com
Email: jalpern@farmerbrownstein.com

*Attorneys for Defendant Dairylea Cooperative Inc.*


KEKER & VAN NEST LLP
By:  /s/ Paula L. Blizzard
Paula L. Blizzard
Jan N. Little
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: pblizzard@kvn.com
Email: jlittle@kvn.com

Jill M. O'Toole (*pro hac vice*)
Susan S. Murphy (*pro hac vice*)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
Email: jotoole@goodwin.com
Email: smurphy2@goodwin.com

*Attorneys for Defendant Agri-Mark, Inc.*


STEPTOE & JOHNSON LLP
By: /s/ Chong S. Park
Chong S. Park (SBN 163451)
John J. Kavanagh (*pro hac vice*)
Kenneth P. Ewing (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
Email: cpark@steptoe.com
Email: jkavanagh@steptoe.com
Email: kewing@steptoe.com

- 16 -
REVISED JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [~~PROPOSED~~] SCHEDULING ORDER

2111319.2

|   |   |
|---|---|
| 1 | Dylan Ruga |
| 2 | STEPTOE & JOHNSON LLP<br>2121 Avenue of the Stars |
| 3 | Suite 2800<br>Los Angeles, CA 90067 |
| 4 | Telephone (310) 734-3228<br>Facsimile (310) 734-3300 |
| 5 | Email: DRuga@steptoe.com |
| 6 | *Attorneys for Defendant National Milk Producers Federation* |

I, Elaine T. Byszewski, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

1   **[PROPOSED] ORDER**

2   BASED ON STIPULATION OF THE PARTIES, THE FOLLOWING SCHEDULE IS ENTERED

3   FOR THIS CASE:

| | |
|---|---|
| Last day for Rule 26(a) Initial Disclosures | February 1, 2013 |
| Initial Case Management Conference | February 8, 2013 |
| Last day to negotiate preservation order | February 12, 2013 |
| Last day to negotiate ESI protocol | February 12, 2013 |
| Last day to exchange custodian lists (including positions and dates) and information sufficient to identify relevant shared or network drives, systems, or servers in which custodians' names cannot be searched on the system metadata | February 28, 2013 |
| Last day to meet and confer re custodians/shared drives | February 28, 2013 |
| Last day to negotiate re a search term protocol | February 28, 2013 |
| Last day to meet and confer re custodians and shared drives | March 14, 2013 |
| Last day to commence rolling production | May 1, 2013 |
| Last day to produce documents necessary for class certification | August 1, 2013 |
| Last day to file ~~for~~ motion for class certification | September 15, 2013 |
| Last day to file updated case status report | December 6, 2013 |
| Last day to file Opposition to motion for class certification | October 11 ~~December 13,~~ 2013 |
| Second Case Management Conference | December 13, 2013 |
| Last day to file reply in support of motion for class certification | October 25, 2013 ~~February 21, 2014~~ |
| Fact discovery closes | February 28, 2014 |
| Hearing on motion for class certification | November 15, 2013 ~~April 4, 2014~~ |
| Last day for expert reports on merits | TBD |
| Last day for depositions of experts | TBD |

- 1 -
REVISED JOINT CASE MANAGEMENT STATEMENT; STIPULATION AND [~~PROPOSED~~] SCHEDULING ORDER

2111319.2

| | | |
|---|---|---|
| 1 | Last day for responsive expert reports | TBD |
| 2 | Close of expert discovery | TBD |
| 3 | Last day to file dispositive motions | TBD |
| 4 | Oppositions to dispositive motions | TBD |
| 5 | Reply briefs in support of dispositive motions | TBD |
| 6 | Hearing on dispositive motions | TBD |
| 7 | Motions in limine | TBD |
| 8 | Oppositions to motions to limine | TBD |
| 9 | Joint Proposed Final Pretrial Order | TBD |
| 10 | Pre-trial Conference | TBD |
| 11 | Trial | TBD |

**IT IS SO ORDERED**

Dated: February 13, 2013

_____
Hon. Jeffrey S. White
UNITED STATES DISTRICT JUDGE