STEVE W. BERMAN (admitted pro hac vice)
GEORGE W. SAMPSON (admitted pro hac vice)
CRAIG R. SPIEGEL (SBN 122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: george@hbsslaw.com
Email: craig@hbsslaw.com
        -and-
ELAINE T. BYSZEWSKI (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: elaine@hbsslaw.com

[Additional Counsel Listed on Signature Page]

Counsel for the Proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW EDWARDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL MILK PRODUCERS FEDERATION, aka COOPERATIVES WORKING TOGETHER, et al., <br><br> Defendants. | Case No. 3:11-CV-04766 JSW <br><br> [consolidated with 3:11-CV-04791-JSW and 3:11-CV-05253-JSW] <br><br> **STIPULATION AND [PROPOSED] PRESERVATION ORDER** |

**1.    PURPOSE**

This Order will govern preservation of Defendants' electronically stored information

1

("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. This Order does not govern preservation of Plaintiffs' electronically stored information ("ESI"), which will be contained in a separate order.

This Order does not address, limit, or determine the relevance, discoverability or admission into evidence of any Record (as defined below), regardless of whether the Record is required to be preserved pursuant to the terms of this Order. A duty to preserve under this Order is not synonymous with a duty to produce.

This Order does not expand any record preservation requirements under the Federal Rules of Civil Procedure, and it does not limit any protection provided by Rule 37(f). The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents and electronically stored information ("ESI") preserved under this Order.

This Order does not address the Parties' respective responsibilities for the costs of retrieving or producing documents or ESI that may be subject to discovery. Some items may be too cost prohibitive to produce, and cost shifting may be necessary.

**2. COOPERATION**

The Parties are aware of the importance the Court places on cooperation and have committed to cooperate in good faith throughout the matter.

**3. PRESERVATION**

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. Without any presumption that the following preservation periods are the appropriate time periods for discovery, Defendants agree to preserve only the following:

a) ESI created or received between January 1, 2002, and December 31, 2012, will be preserved as it presently exists for:

  i. Pricing announcements related to the sale of raw milk; and

  ii. Paper records, electronic mail, and other electronic records maintained on network-accessible storage devices and/or personal computers related to the creation, purpose, operation, administration and the effects of the CWT

2

    program, including but not limited to the effects on milk supply, the number of milk farms, and milk prices, and any attempts to impede the ability of a farmer who had participated in the program from producing and/or selling milk again.

 b) ESI for the period of January 1, 2000 through the present, will be preserved as it presently exists for:

  i. Transactional data (including pricing data) related to the sale of raw milk.

Plaintiffs agree to preserve paper records and ESI as they currently exist covering the same time periods and topics set forth in subsections (a) and (b) above for non-transactional and transactional information, respectively.

Given the number of Parties and the wide range of approaches used by the parties to manage records (including the management of ESI and the systems used for its recovery in the event of a disaster), it is not practical to attempt to define a single detailed process that all Parties must follow in order to preserve Records. Instead, a Party may use any reasonable method to preserve Records consistent with a Party's record management systems or ordinary practices. The Parties are required to act in good faith and may not transfer ESI to paper form or downgrade ESI for the primary purpose of increasing the burden of discovery for other Parties.

**4. DOCUMENTS PROTECTED FROM DISCOVERY**

Notwithstanding any other provision of this Order, the Parties have no obligation to preserve the following:

 a) Voicemail in any form;

 b) Transitory information not otherwise stored as part of business practices, including but not limited to temporary data stored in computers' random access memory ("RAM");

 c) Data created by the normal operation of computer systems, including but not limited to – metadata *not* enumerated within this Order or the Parties' separate Stipulation re ESI Discovery Protocol, cookie files, cache files and temporary system files, and data fragments contained in slack space or unused portions of a hard drive – that could only be read using forensic recovery tools;

 d) Identical copies, provided at least one copy of a record is preserved in electronic form or, if nonexistent, in paper form (maintaining the integrity and organization of the record);

 e) Records filtered out by an automatic spam and/or virus filter, so long

3

as the filtering criteria are reasonable (such criteria to be provided to any other party upon request);

f) Instant messages, social media postings, and other forms of ESI not normally recorded and preserved in the course of the Party's business operations;

g) Records, as explained above in Section 3(a)(i)-(ii), created before January 1, 2002, and after December 31, 2012; and

h) Transactional data, as explained above in Section 3(b)(i), created before January 1, 2000.

## 5. PERMISSIBLE MODIFICATIONS AND ALTERATIONS OF RECORDS

A Party shall not be in violation of this Order if records are altered as a result of any of the following actions undertaken in good faith (and not for any reason based upon this litigation) and in the ordinary course of business:

a) Routine maintenance and operation of a Party's computer systems;

b) Upgrading, loading, reprogramming, customizing, or migrating software, even if such actions modify or alter the way data is maintained, stored or viewed, provided the data itself is not altered;

c) Inputting, accessing, updating or modifying data in a database, resulting in the database being modified or altered;

d) Editing, modifying, or taking down an Internet, extranet, or intranet site, as long as a copy of a Defendant's existing public Internet site is preserved within ten (10) business days of the date of entry of this Order;

e) Editing or revising copies of records that have otherwise been retained pursuant to this Order, as long as the date of the edit or revision is captured and an unedited or unrevised identical version is preserved; and

f) Collecting ESI, including metadata.

## 6. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: February 12, 2013

                                              HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ Elaine T. Byszewski
Elaine T. Byszewski
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
elaine@hbsslaw.com

Steve W. Berman
George W. Sampson
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
george@hbsslaw.com
craig@hbsslaw.com

*Attorneys for the Plaintiffs*


WILLIAMS & CONNOLLY LLP

By: /s/ Steven R. Kuney
Steven R. Kuney
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5843
Facsimile: (202) 434-5029
skuney@wc.com

BAKER & MILLER PLLC

By: /s/ W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, N.W., Ste 300
Washington, D.C. 20037
Telephone: (202) 663-7822
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com

Jesse W. Markham, Jr. (SBN 87788)
Marshall P. Madison Professor of Law

5

|   |   |
|---|---|
| 1 | University of San Francisco School of Law |
| 2 | 2130 Fulton Street |
|   | San Francisco, CA 94117 |
| 3 | Telephone: (415) 422-4473 |
|   | Email: markham@usfca.edu |

*Attorneys for Defendant Dairy Farmers of America, Inc.*

EIMER STAHL LLP

By: /s/ Nathan P. Eimer
Nathan P. Eimer (pro hac vice)
Vanessa G. Jacobsen (pro hac vice)
Daniel D. Birk (pro hac vice)
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7601
Facsimile: (312) 692-1718
neimer@eimerstahl.com
vjacobsen@eimerstahl.com
dbirk@eimerstahl.com

*Attorneys for Defendant Land O' Lakes, Inc.*

BOND SCHOENECK & KING, PLLC

By: /s/ Edward R. Conan
Edward R. Conan (pro hac vice)
Suzanne O. Galbato (pro hac vice)
Lucy S. Clippinger (pro hac vice)
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
econan@bsk.com
sgalbato@bsk.com
lsclippinger@bsk.com

William S. Farmer (SBN 46694)
Jacob P. Alpren (SBN 235713)
FARMER BROWNSTEIN LLP
235 Pine Street, Suite 1300
San Francisco, CA 94104
Telephone (direct and fax): (415) 962-2877
Main: (415) 795-2050
wfarmer@farmerbrownstein.com

|   |   |
|---|---|
| 1 | jalpern@farmerbrownstein.com |
| 2 | *Attorneys for Defendant Dairylea Cooperative Inc.* |

KEKER &VAN NEST, LLP

By: /s/ Paula L. Blizzard
Paula L. Blizzard
Jan N. Little
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
pblizzard@kvn.com
jlittle@kvn.com

Jill M. O'Toole
Susan S. Murphy
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
jotoole@goodwin.com
smurphy2@goodwin.com

*Attorneys for Defendant Agri-Mark, Inc.*


STEPTOE & JOHNSON LLP

By: /s/ Chong S. Park
Chong S. Park
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
CPark@steptoe.com

*Attorneys for Defendant
National Milk Producers Federation*

I, Elaine T. Byszewski, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

7

**IT IS SO ORDERED**

Dated: February 14, 2013

_____
Hon. Jeffrey S. White
UNITED STATES DISTRICT JUDGE