| | | |
|---|---|---|
| 1 | STEVE W. BERMAN (pro hac vice) | Edward R. Conan (*pro hac vice*) |
| 2 | GEORGE W. SAMPSON (pro hac vice)<br>CRAIG R. SPIEGEL (SBN 122000) | Suzanne O. Galbato (*pro hac vice*)<br>Lucy S. Clippinger (*pro hac vice*) |
| 3 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 8th Avenue, Suite 3300 | BOND SCHOENECK & KING, PLLC<br>One Lincoln Center |
| 4 | Seattle, WA 98101<br>Telephone: (206) 623-7292 | Syracuse, NY 13202-1355<br>Telephone: (315) 218-8000 |
| 5 | Facsimile: (206) 623-0594<br>Email: steve@hbsslaw.com | Facsimile: (315) 218-8100<br>Email: econan@bsk.com |
| 6 | Email: george@hbsslaw.com<br>Email: craig@hbsslaw.com | Email: sgalbato@bsk.com<br>Email: lsclippinger@bsk.com |
| 7 | | |
| 8 | -and- | -and- |
| 9 | ELAINE T. BYSZEWSKI (SBN 222304) | William S. Farmer (SBN 46694) |
| 10 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>301 North Lake Avenue, Suite 203 | Jacob P. Alpren (SBN 235713)<br>FARMER BROWNSTEIN LLP |
| 11 | Pasadena, California 91101<br>Telephone: (213) 330-7150 | 235 Pine Street, Suite 1300<br>San Francisco CA 94104 |
| 12 | Facsimile: (213) 330-7152<br>Email: elaine@hbsslaw.com | Telephone: (415) 795-2050<br>Facsimile: (415) 962-2877 |
| 13 | | Email: wfarmer@farmerbrownstein.com<br>Email: jalpren@farmerbrownstein.com |
| 14 | | |
| 15 | *Attorneys for Plaintiffs and the Proposed Class* | *Attorneys for Defendant Dairylea Cooperative Inc.* |
| 16 | [Additional Counsel Listed on Signature Page] | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 20 | MATTHEW EDWARDS, *et al.*, individually<br>and on behalf of all others similarly situated, | CASE NO. 3:11-CV-04766-JSW |
| 22 | Plaintiffs, | [consolidated with 11-cv-04792-JSW<br>and 11-cv-05253-JSW] |
| 23 | v. | <u>CLASS ACTION</u> |
| 24 | NATIONAL MILK PRODUCERS<br>FEDERATION, aka COOPERATIVES | **STIPULATION AND [~~PROPOSED~~]** |
| 25 | WORKING TOGETHER; DAIRY FARMERS<br>OF AMERICA, INC.; LAND O'LAKES, INC.; | **PROTECTIVE ORDER REGARDING**<br>**CONFIDENTIALITY OF DOCUMENTS** |
| 26 | DAIRYLEA COOPERATIVE INC.; and<br>AGRI-MARK, INC., | **AND MATERIALS** |
| 27 | Defendants. | Courtroom: 11 [Hon. Jeffrey S. White] |
| 28 | | |

2107477.1 2/1/20132101268.2

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 3:11-CV-04766-JSW**

# **STIPULATED PROTECTIVE ORDER**

The Parties anticipate that documents, testimony and information produced in the course of discovery may include proprietary, competitively sensitive and confidential information about pricing, budgets, forecasts, strategic plans, membership, cost of production, inventory, market and other confidential, commercially sensitive information and request that the Court enter this Protective Order setting forth the conditions for designating, treating, obtaining and using such information.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Stipulated Protective Order:

**1.    Scope of Order**.  This Protective Order governs the use and handling of documents, electronic information in any form, testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity (the "Producing Party") in pre-trial proceedings in this Litigation.  Material produced in this Litigation, including without limitation Material designated as "Confidential" or "Highly Confidential" under the provisions of this Protective Order, and information derived therefrom, shall be used only for the purpose of this Litigation and any related appellate proceeding, and not for any other business, competitive, personal, private, public, or other purpose whatsoever.

**2.    Designation of Confidential Material**.  The Producing Party may designate as "Confidential" any Material that it produces in this Litigation which it believes constitutes, contains, reflects or discloses confidential, non-public research and analysis, development or commercial information, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material").  The designations will be made reasonably and in good faith.

**3. Designation of Highly Confidential Material.** The Producing Party may designate as "Highly Confidential" (a) any non-public personal information or (b) any Confidential Material that a Producing Party reasonably and in good faith believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the disclosure of Confidential Material permitted under this Order, would compromise and/or jeopardize the Producing Party's business interests ("Highly Confidential Material").

**4. Production of Documents and Other Material Containing Confidential or Highly Confidential Material.** The designation of Confidential Material or Highly Confidential Material for the purposes of this Protective Order shall be made in the following manner:

(a) In the case of documents produced in discovery (including electronic documents produced in TIFF or PDF form), by marking each page containing any Confidential Material with the word "Confidential" and by marking each page containing any Highly Confidential Material with the words "Highly Confidential."

(b) In the case of written discovery responses, by marking with the appropriate designation both (i) the first or cover page and (ii) each page containing Confidential or Highly Confidential Material.

(c) In the case of electronically stored information in any form ("Electronic Data"), by designating the Electronic Data as Confidential or Highly Confidential in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduces Confidential or Highly Confidential Electronic Data to hardcopy form, it shall mark the hardcopy with the appropriate designation. Whenever any Confidential or Highly Confidential Electronic Data is copied, all copies shall be marked with the appropriate designation.

(d) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record for the Parties within fifteen business days after receipt of the transcript of the deposition unless the parties agree to an extension of this time period for designation. Any other party may object to such proposed designation, in writing or on the record in Court. Upon such objection, the parties shall follow the procedures described in ¶ 13 below. All transcripts shall be considered Highly Confidential and subject to this Protective Order until expiration of that fifteen-day period. Any testimony designated Confidential or Highly Confidential shall be marked and treated in the same manner as documents covered by this Protective Order. All videotapes of depositions shall be clearly labeled Confidential or Highly Confidential, as appropriate pursuant to this Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affects its designation as "Confidential" or "Highly Confidential."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Producing Party. The Producing Party shall inform the court reporter of these requirements.

(e) No confidentiality designations need be made for documents made available for inspection and copying. If the inspecting Party selects any documents for copying, the

Producing Party shall, as appropriate, mark the copies as Confidential or Highly Confidential in the manner set forth in subparagraph (a) before producing them to the inspecting Party. During the time between the initial inspection and the production of copies of specified documents, all files and records subject to the inspection shall be treated as if they had been designated Highly Confidential pursuant to the terms of this Protective Order.  Only persons who may access Highly Confidential Material, as identified in Paragraph 7, may participate in an initial inspection.

5. **Inadvertent Failure to Designate Material as Confidential or Highly Confidential**. The inadvertent failure to designate Material as Confidential or Highly Confidential shall not be deemed a waiver of a claim of confidentiality.  Within ten (10) days of discovery of an inadvertent failure to designate Material as Confidential or Highly Confidential, the Producing Party shall provide written notification to all other parties to the Litigation of the appropriate designations and shall produce replacement copies of the Material with the appropriate designations, consistent with the requirements of Paragraph 4 of this Order (governing the manner of marking information designated under this Order).  Regardless of whether replacement copies are provided, from receipt of written notification of the appropriate designations, all Parties shall treat the Material in accordance with those designations.

6. **Persons Who May Access Confidential Material**.  Absent written consent from the Producing Party or unless otherwise directed by the Court, or as provided in Paragraph 10, Confidential Material may be disclosed only to the following persons:

    (a)    Outside counsel of record for the Parties;

    (b)    In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this Litigation;

  (c) Class representatives or any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this action;

  (d) Subject to Paragraph 9 below, outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in the preparation of this case;

  (e) Subject to Paragraph 9 below, witnesses who may testify at deposition or at trial, to the extent deemed necessary by counsel for the prosecution or defense of this action;

  (f) Subject to Paragraph 9 below, the author or recipient of a document containing the information or a person whom the lawyer reasonably believes has previously seen the Material or has personal knowledge of its contents.

  (g) Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

  (h) The Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action;

  (i) Court reporters, videographers, stenographers, and court personnel;

  (j) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

**7.** **Persons Who May Access Highly Confidential Material**.  Absent written consent from the Producing Party or unless otherwise directed by the Court, or as provided in Paragraph 10, Highly Confidential Material may be disclosed only to the following persons:

  (a) Outside counsel of record for the Parties;

    (b)    Subject to Paragraphs 8 and 9 below, outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in the preparation of this case;

    (c)    During examination at a deposition and subject to Paragraph 9 below, fact witnesses who created or received the Highly Confidential Material in the ordinary course of their employment with the Producing Party.

    (d)    Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

    (e)    The Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action;

    (f)    Court reporters, videographers, stenographers, and court personnel;

    (g)    The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

8.    **Procedure for Approving or Objecting to Disclosure of Highly Confidential Material to Outside Experts or Consultants Under Paragraph 7(b).**

Highly Confidential Material shall not be disclosed to any outside experts or consultants unless counsel for the Defendants are given at least fourteen (14) days prior written notice of the identity of the expert or consultant to whom such Highly Confidential Material is to be disclosed, are afforded an opportunity to object to the disclosure of the Confidential or Highly Confidential Material, and a resolution to any such objection has been reached. The prior written notice must (i) identify the general categories of "Highly Confidential" material that the Receiving Party seeks permission to disclose to the expert, (2) set forth the full name of the expert and the city and state of

his or her primary residence, (3) attach a copy of the expert's current resume, (4) identify the expert's current employer(s), and (5) identify (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. The Producing Party opposing disclosure must inform the Receiving Party of any objection within fourteen (14) days.  The parties shall meet and confer and, if no agreement is reached between the parties, the Party seeking to make the disclosure may make a motion to the Court as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within fourteen (14) days of receiving the objection.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Producing Party for its refusal to approve the disclosure.  In any such proceeding, the Producing Party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its designated expert.

**9.     Application of this Protective Order to Persons With Access to Confidential or Highly Confidential Material.**

(a)     Each person given access to Confidential Material or Highly Confidential Material shall be advised that the Confidential Material or Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

  (b) All persons allowed access to Confidential or Highly Confidential Material under this Protective Order shall take all necessary steps to insure that access to such Material is restricted to those persons who, by the terms of this Protective Order, are allowed access to the Material.  To the extent that a person allowed access to Confidential or Highly Confidential Material creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Confidential Material or Highly Confidential Material, such person shall take all necessary steps to insure that access to any Confidential Material or Highly Confidential Material is restricted to those persons who, by the terms of this Protective Order, are allowed access to the Material.

  (c) Before any person described in Paragraphs 6 or 7 is shown any Confidential Material or Highly Confidential Material, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.  This requirement does not apply to outside counsel of record for the Parties or to the Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action.

  (d) Before any person described above in Paragraphs 6(d), 6(e), or 6(f) is given access to Confidential Material, and before any person described above in Paragraphs 7(b) or 7(c) is given access to Highly Confidential Material, that person must also read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order.

**10.** **Filing Documents Containing Confidential or Highly Confidential Material**.

  (a) No pleading or document containing Confidential Material or Highly Confidential Material shall be filed in the public record without the written permission of the Producing Party or a court's order.  The parties shall comply with Civil L.R. 79-5.

(b) Copies of any pleading, brief or other document containing Confidential Material or Highly Confidential material which are served on opposing counsel shall be delivered in a sealed envelope stamped: CONFIDENTIAL [or HIGHLY CONFIDENTIAL] PURSUANT TO COURT ORDER, and shall be treated in accordance with the provisions of this Stipulated Protective Order.

**11.    Use of Confidential Material or Highly Confidential Material at Trial or Hearing**. The restrictions, if any, that will govern the use of Confidential Material or Highly Confidential Material at trial or hearings will be determined at a later date by the Court, in consultation with the Parties.

**12.    No Waiver of Privilege**.  If information or Material subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled, in this case or in any other state or federal action or proceeding.  Any inadvertently produced Materials shall be returned promptly to the Producing Party upon request and all copies destroyed.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Inadvertent disclosures of Material protected by the attorney-client privilege or the work product doctrine shall not constitute a waiver of the privilege and/or protection provided the Producer proceeds in accordance with Rule 502 of the Federal Rules of Evidence.

**13.    Removal of Confidential or Highly Confidential Designation**.  Any Party may object to the designation of any Material as Confidential or Highly Confidential (the "Objecting

Party") by giving written notice to counsel for the Producing Party (or to the Producing Party directly if no counsel has appeared on its behalf) that it objects to the designation. Such notice shall specifically identify the Material at issue and state the reasons for questioning the confidentiality designation. Within ten (10) business days after such notice, the Objecting Party and Producing Party shall confer in good faith to attempt to resolve any such dispute. If the Parties cannot resolve a challenge without court intervention, the Objecting Party may file and serve (including notice to the Producing Party) a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) for a ruling that the identified Material is not appropriately designated.. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. If such a motion is made, the Producing Party will have the burden to establish that the designation is proper. Until the Court rules on the motion, the documents shall be treated as Confidential or Highly Confidential, as originally designated.

**14.     Modification of the Protective Order**. This Protective Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders.

**15.     Copy of Protective Order Must Be Served With Any Subpoena**. When serving any subpoena in this Litigation on a non-party to the Litigation, a copy of this Protective Order shall be included with the subpoena.

**16.     Third Party Requests for Confidential Material or Highly Confidential Material**. If any person receiving Material covered by this Protective Order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Material covered by this Protective Order, and such subpoena, document demand, or request seeks Material which was produced or designated as Confidential Material or Highly Confidential Material by any Producing

Party, counsel to the person receiving the subpoena, document demand, or request shall give written notice via email, within two (2) business days to counsel for the Producing Party and shall send an objection to the subpoenaing or requesting party, together with a copy of this Protective Order.  The Party receiving the subpoena, document demand, or request shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Confidential Material or Highly Confidential Material may be affected.  If the Producing Party timely seeks a protective order, the Party receiving the subpoena, document demand, or request shall not produce any Confidential Material or Highly Confidential Material while a motion for a protective order brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so, or unless the Party has obtained the Producing Party's permission.  The Producing Party shall bear the burden and expense of seeking protection of its Confidential and/or Highly Confidential Material.

**17.** **Intentional or Inadvertent Unauthorized Disclosure of Confidential Material or Highly Confidential Material**.  If any person subject to this Protective Order becomes aware that he or any other person has, either intentionally or inadvertently, disclosed Confidential Material or Highly Confidential Material to someone not authorized to receive such Material under this Protective Order, counsel of record for the Party involved shall immediately inform the Producing Party's counsel of record about the unauthorized disclosure, and also shall use his or her best efforts to obtain the return of all improperly disseminated copies of the Confidential Material or Highly Confidential Material and to prevent any further improper dissemination of the same.

**18.** **Court Retains Jurisdiction**.  This Protective Order shall survive the termination of this litigation.  This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

**19.     Return or Destruction of Confidential Material and Highly Confidential Material**.  Within sixty (60) days of the termination of this action, including the exhaustion of all appeals, all Confidential Material or Highly Confidential Material supplied by any Producing Party, including any copies thereof, as well as any summaries, notes, extracts, compilations, drawings, or other documents containing Confidential Material or Highly Confidential Material, shall be returned to the Producing Party or shall be destroyed and their destruction certified in writing unless otherwise agreed in writing by the parties, provided, however, that portions of back-up tapes containing Confidential Material and/or Highly Confidential Material may be destroyed in accordance with standard retention policies.  A copy of the written certification shall be provided to the Producing Party.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material or Highly Confidential Material.  Any such archival copies that contain or constitute Confidential Material or Highly Confidential Material remain subject to this Protective Order.

**20.     Parties May Use Their Own Confidential Material and Highly Confidential Material**.  This Order does not affect a Party's use or disclosure of its own Material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

                                                        Respectfully submitted,

DATED:  February 12, 2013         HAGENS BERMAN SOBOL SHAPIRO LLP

                                                        By:     /s/ Elaine T. Byszewski
Elaine T. Byszewski
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Telephone (213) 330-7150
Facsimile (213) 330-7152
elaine@hbsslaw.com

Steve W. Berman
George W. Sampson
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone (206) 623-7292
Facsimile (206) 623-0594
steve@hbsslaw.com
george@hbsslaw.com
craig@hbsslaw.com

*Attorneys for the Plaintiffs*


     EIMER STAHL LLP

     By:     /s/ Nathan P. Eimer
     Nathan P. Eimer *(pro hac vice)*
     Vanessa G. Jacobsen *(pro hac vice)*
     Daniel D. Birk *(pro hac vice)*
     EIMER STAHL LLP
     224 South Michigan Avenue, Suite 1100
     Chicago, IL 60604
     Telephone: (312) 660-7600
     Fax: (312) 692-1718
     Email: neimer@eimerstahl.com
     Email: vjacobsen@eimerstahl.com
     Email: dbirk@eimerstahl.com

George A. Nicoud (SBN 106111)
Matthew S. Kahn (SBN 261679)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone: (415) 393-8200
Fax: (415) 393-8200
Email: tnicoud@gibsondunn.com
Email: mkahn@gibsondunn.com

*Attorneys for Defendant Land O'Lakes, Inc.*


STEPTOE & JOHNSON LLP

By:  /s/ Chong S. Park
Chong S. Park (SBN 163451)
Kenneth P. Ewing (*pro hac vice*)
John J. Kavanagh (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
Email: cpark@steptoe.com
Email: kewing@steptoe.com
Email: jkavanagh@steptoe.com

Dylan Ruga
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles CA 90067
Telephone (310) 734-3228
Facsimile (310) 734-3300
Email: druga@steptoe.com

*Attorneys for Defendant National Milk Producers Federation*

|     |                                                              |
| --- | ------------------------------------------------------------ |
| 1   |                                                              |
| 2   | WILLIAMS & CONNOLLY LLP                                      |
| 3   | By:     /s/ Steven R. Kuney                                  |
|     | Steven R. Kuney (*pro hac vice)*                             |
| 4   | WILLIAMS & CONNOLLY LLP                                      |
|     | 725 Twelfth Street, NW                                       |
| 5   | Washington, DC 20005                                         |
|     | Telephone:  (202) 434-5000                                   |
| 6   | Fax:  (202) 434-5029                                         |
| 7   | Email:  skuney@wc.com                                        |

W. Todd Miller (*pro hac vice*)
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037
Telephone:  (202) 663-7820
Fax:  (202) 663-7849
Email:  tmiller@bakerandmiller.com

Jesse W. Markham Jr. (SBN 87788)
UNIVERSITY OF SAN FRANCISCO SCHOOL OF LAW
2130 Fulton St.
San Francisco, CA 94117-1080
Telephone: (415) 422-4473
Email:  markham@usfca.edu

*Attorneys for Defendant Dairy Farmers of America, Inc.*


KEKER & VAN NEST LLP

By:     /s/ Paula L. Blizzard
Paula L. Blizzard (SBN 207920)
Jan Nielsen Little (SBN 100029)
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: pblizzard@kvn.com
Email: jlittle@kvn.com

2107477.1 2/1/20132101268.2

STIPULATED PROTECTIVE ORDER
CASE NO. 3:11-CV-04766-JSW

|   |   |
|---|---|
| 1 | Jill M. O'Toole (*pro hac vice*) |
| 2 | Susan S. Murphy (*pro hac vice*) |
|   | SHIPMAN & GOODWIN LLP |
| 3 | One Constitution Plaza |
|   | Hartford, CT 06103 |
| 4 | Telephone: (860) 251-5000 |
|   | Email: jotoole@goodwin.com |
| 5 | Email: smurphy2@goodwin.com |

*Attorneys for Defendant Agri-Mark, Inc.*


BOND, SCHOENECK & KING, PLLC

By:     /s/ Edward R. Conan
Edward R. Conan (*pro hac vice*)
Suzanne O. Galbato (*pro hac vice*)
Lucy S. Clippinger (*pro hac vice*)
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Fax: (315) 218-8100
Email: econan@bsk.com
Email: sgalbato@bsk.com
Email: lsclippinger@bsk.com

William S. Farmer (SBN 46694)
Jacob P. Alpren (SBN 235713)
FARMER BROWNSTEIN LLP
235 Pine Street, Suite 1300
San Francisco, CA 94104
Telephone (direct and fax): (415) 962-2877
Main: (415) 795-2050
Email: wfarmer@FarmerBrownstein.com
Email: jalpren@FarmerBrownstein.com

*Attorneys for Defendant Dairylea Cooperative Inc.*

I, Elaine T. Byszewski, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

STIPULATED PROTECTIVE ORDER
CASE NO. 3:11-CV-04766-JSW

1 PURSUANT TO STIPULATION,
IT IS SO ORDERED
2

3
DATED: February 14, 2013
4 _____
HON. JEFFREY S. WHITE
5 United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17            2107477.1 2/1/20132101268.2

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 3:11-CV-04766-JSW**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of <u>Matthew Edwards, et al. v. National Milk Producers Federation, a/k/a Cooperatives Working Together; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; Dairylea Cooperative Inc.; and Agri-Mark, Inc.</u>, Case No. 3:11-CV-04766-JSW [consolidated with 11-CV-04792-JSW and 11-CV-05253-JSW]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any matter any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California

# DECLARATION OF SERVICE

I, Elaine T. Byszewski, declare as follows:

I am employed in Pasadena, California; I am over the age of eighteen years and am not a party to this action; my business address is 301 North Lake Avenue, Suite 203, in said City and State. On February 12, 2013, I served the within:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on February 12, 2013. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on February 12, 2013, at Pasadena, California.

/s/Elaine T. Byszewski
Elaine T. Byszewski

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 3:11-CV-04766-JSW**