United States District Court

For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    MATTHEW EDWARDS, et al.,

10              Plaintiffs,                              No. C 11-04766 JSW

11      v.

12   NATIONAL MILK PRODUCERS
     FEDERATION, aka COOPERATIVES                **AMENDED ORDER REQUIRING**
13   WORKING TOGETHER, et al.,                   **ADDITIONAL BRIEFING**

14              Defendants.

15   _____/

16          Now before the Court is the motion for class certification filed by Plaintiffs and the

17   *Daubert* motion to exclude Plaintiffs' expert filed by Defendants.  In addition to arguing that

18   Plaintiffs' expert, Dr. John Connor, should be excluded, Defendants argue, *inter alia*, that

19   Plaintiffs fail to demonstrate that their damages are calculated based on the conduct they are

20   challenging as required by *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013).

21          In *Comcast*, the Supreme Court held that "[c]alculations need not be exact, ... but at the

22   class certification stage (as at trial), any model supporting a plaintiff's damages case must be

23   consistent with its liability case, particularly with respect to the alleged anticompetitive effect of

24   the violation." *Comcast*, 133 S.Ct. at 1433 (internal quotation marks and citations omitted).

25   Moreover, "for purposes of Rule 23, courts must conduct a rigorous analysis to determine

26   whether that is so."  *Id*. (internal quotation marks and citation omitted).

27          However, courts since *Comcast* have clarified that plaintiffs need not prove the merits of

28   their damages at the class certification stage.  Instead, "[t]he Court's job at this stage is simple:

1    determine whether [plaintiffs have shown] that there is a reasonable method for determining, on

2    a classwide basis, the antitrust impact's effects on the class members. ... This is a question of

3    methodology, not merit." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 5391159,

4    *5 (N.D. Cal. Sept. 24 2013); *see also In re Diamond Foods, Inc. Sec. Litig.*, 295 F.R.D. 240,

5    252 (N.D. Cal. 2013) ("Whether plaintiff will ultimately prevail in proving damages is not

6    necessary to determine at this stage.  Instead, the question for class certification is whether

7    plaintiff has met its burden of establishing that damages can be proven on a classwide basis.");

8    *In re High-Tech. Employee Antitrust Litig.*, 289 F.R.D. 555, 582 (N.D. Cal. 2013) (find that the

9    plaintiffs satisfied their burden by establishing a "plausible method for proving an estimate of

10   damages" for the proposed class); *In re POM Wonderful LLC*, 2014 WL 1225184, *2 (C.D. Cal.

11   March 25, 2014) ("At class certification, plaintiff must present a likely method for determining

12   class damages ....") (citation omitted).

13          Dr. Connor calculates the effects of the herd retirement program on a national level and

14   multiplies his total calculation by the percentage of the population of the states in which

15   Plaintiffs are bringing state-law claims.  The problem with this method is that Plaintiffs, as

16   indirect purchasers, are not bringing a federal anti-trust claim.  They are only bringing state-law

17   claims, and not in every state.  Dr. Connor's calculations include the effects from states that

18   Plaintiffs are not challenging any activity as illegal.  Thus, the Court finds that Plaintiffs have

19   not yet shown "that their damages stemmed from the defendant's actions that created the legal

20   liability." *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) (citing *Comcast*, 133

21   S.Ct. at 1435).  It is not clear whether Plaintiffs could modify their method of calculations in

22   order to capture only the effects from the states in which they contend Defendants violated

23   antitrust laws.

24          The Court directs Plaintiffs to file an additional brief to address whether they have a

25   reasonable method for determining, on a classwide basis, the alleged antitrust violations' impact

26   on class members.  Plaintiffs shall file their additional brief by no later than June 13, 2014.

27   Defendants may file a responsive brief by no later than June 25, 2014.  Plaintiffs may file a

28   reply by no later than July 3, 2014.  The Court HEREBY CONTINUES the hearing on the

pending motions for class certification and to exclude Dr. Connor's testimony to July 25, 2014

and the case management conference to August 15, 2014.  To the extent Plaintiffs need more

time because Dr. Connor needs additional time to revise his methodology and calculations, the

Court is amenable to providing a longer continuation.  However, Plaintiffs shall be advised that

to the extent they submit a revised expert declaration, Defendants will need time to depose Dr.

Connor and to consult with their own expert to prepare a response.  Plaintiffs shall compensate

Defendants for the reasonable costs incurred in preparing their supplemental opposition.  If

Plaintiffs contemplate that additional time will be needed, they should file a stipulation or

request for an extension of time, with proposed deadlines, by no later than June 5, 2014.

**IT IS SO ORDERED.**

Dated: May 29, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE