UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW EDWARDS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL MILK PRODUCERS FEDERATION, et al.,<br><br>    Defendants. | Case No. 11-cv-04766-JSW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PERMISSION TO SUBMIT REPLY EXPERT TESTIMONY; STRIKING DEFENDANTS' DAUBERT AND DECERTIFICATION MOTIONS; AND SETTING REVISED SCHEDULE**<br><br>Re: Dkt. Nos. 354, 361, 380 |

Now before the Court is Plaintiffs' administrative motion for permission to submit proffered rebuttal testimony of Dr. David Sunding in support of Plaintiffs' opposition to Defendants' *Daubert* motion to exclude the opinions and testimony of Dr. Sunding (Docket No. 361).[1] Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, the Court GRANTS Plaintiffs' administrative motion for the reasons set forth below. The Court also STRIKES the pending *Daubert* motion to exclude the opinions and testimony of David L. Sunding (Docket No. 354) and the pending motion to decertify the classes (Docket No. 380), without prejudice to renewal of these motions following the deposition of Dr. Sunding. The Court also CONTINUES the hearing on the pending cross-motions for summary judgment (Docket Nos. 333, 343) and the other dates in this case as set forth below.

At the October 10, 2014 case management conference, the Court ordered that expert reports were due March 16, 2015 and rebuttal expert reports were due April 15, 2015, rejecting the parties' proposals to permit reply expert reports. The Court also set a hearing date for dispositive motions and a schedule for the filing of cross-motions for summary judgment. After the rebuttal

---

[1] *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

1  reports were filed, Plaintiffs again sought an opportunity to file a reply expert report, which was
2  denied by a magistrate judge on May 6, 2015, as inconsistent with the discovery plan set by this
3  Court.  The May 6, 2015 order provided, however, that a request to be allowed to provide a reply
4  expert report in response to a *Daubert* motion or a motion for summary judgment, or at trial, was
5  not ripe and would be "properly raised before the district judge at the appropriate times."

6  Defendants timely filed a motion for summary judgment on May 22, 2015.  Plaintiffs
7  timely opposed the motion and filed a cross-motion for summary judgment on June 5, 2015.  In
8  support of their motion, Plaintiffs filed a declaration of their proposed expert David L. Sunding,
9  Ph.D.  On June 17, 2015, Defendants filed their *Daubert* motion to exclude the opinions and
10 testimony of Dr. Sunding.  On July 1, 2015, Plaintiffs filed this administrative motion for
11 permission to submit the proffered reply testimony of Dr. Sunding.

12 After those pending motions were fully briefed, the Court continued the hearing date for
13 dispositive motions to October 8, 2015.  On September 24, 2015, Defendants filed a motion to
14 decertify the classes.  Because this motion was filed less than 35 days before the October 8, 2015
15 hearing date, it was noticed for a later date, November 13, 2015.  The Court continued the other
16 pending motions so that all motions could be heard on the same date.

17 In their motion for permission to submit Dr. Sunding's proffered reply testimony, Plaintiffs
18 contend that Dr. Sunding's testimony is necessary to provide the Court with a complete
19 evidentiary record.  To the extent that Plaintiffs argue that the Federal Rules of Civil Procedure
20 authorize the filing of Dr. Sunding's reply report, their arguments fail because, as the magistrate
21 judge previously explained, the Court may set and enforce its own case management schedule.
22 *See, e.g.*, *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060-62 (9th Cir. 2005).
23 Nonetheless, in this instance, the Court finds that the interests of justice weigh in favor of
24 permitting Plaintiffs to submit the proffered reply testimony of Dr. Sunding to complete the
25 evidentiary record, in the exercise of discretion.  This is particularly so because Plaintiffs are not
26 the only ones to have delayed this case.  Defendants do not adequately explain why they filed their
27 decertification motion so long after the filing of the Sunding report, but merely contend that they
28 are authorized to do so.  The Court will hear the decertification motion on the merits, but

1  Defendants are ill-positioned to complain that Plaintiffs have caused delay. The harm from any
2  further delay, under all the circumstances, is outweighed by Plaintiffs' interest in presenting the
3  reply of their proposed expert to Defendants' rebuttal before the Court rules on Defendants'
4  *Daubert* and decertification motions. The Court therefore GRANTS Plaintiffs' administrative
5  motion for permission to submit proffered reply testimony of Dr. Sunding (Docket No. 361).

6  This order permitting Plaintiffs to submit the proffered reply testimony of Dr. Sunding is
7  without prejudice to Defendants filing a motion to strike (or for other appropriate relief regarding)
8  any specific portions of Dr. Sunding's proffered reply testimony that are neither proper rebuttal,
9  nor proper under Federal Rules of Civil Procedure 26(a)(2)(D)(ii) and 26(e). Any such motion
10 shall be filed pursuant to the schedule set forth below.

11 Having granted Plaintiffs' motion for permission to submit proffered reply testimony of
12 Dr. Sunding, the Court must revisit the schedule for the remainder of this case, so that this matter
13 may be resolved in a logical manner. Unfortunately, this necessitates vacatur of the existing trial
14 date, for the following reasons. First, Defendants are correct that Plaintiffs' submission of a reply
15 expert report requires that discovery be reopened for the limited purpose of permitting Defendants
16 to depose Dr. Sunding regarding his proffered reply testimony. Second, the Court finds that
17 Defendants' *Daubert* motion and motion to decertify the classes will need to be amended and re-
18 filed in light of this order and following the deposition of Dr. Sunding, if appropriate at that time.
19 Third, the Court finds that it would be premature to consider the pending dispositive motions
20 before ruling on the motion to decertify the classes, because the dispositive motions are directed to
21 the claims of all members of the class, not only the named Plaintiffs. The Court therefore
22 VACATES the existing case schedule and ESTABLISHES the following revised schedule for this
23 case.

24 The Court STRIKES the *Daubert* motion to exclude the opinions and testimony of Dr.
25 Sunding (Docket No. 354) and the pending motion to decertify the classes (Docket No. 380),
26 without prejudice to renewal of these motions following the deposition of Dr. Sunding. The Court
27 CONTINUES the dispositive motions hearing, currently scheduled for November 13, 2015, to
28 March 4, 2016, at 9:00 a.m. The Court also SETS the following dates for this case:

- Deadline to depose Dr. Sunding:  December 18, 2015.
- Deadline to file renewed *Daubert* motion, motion for decertification, and/or motion to strike portions of Dr. Sunding's testimony:  January 15, 2016.
- Hearing on dispositive motions, motions for decertification, *Daubert* motions, and/or motions to strike portions of Dr. Sunding's testimony:  March 4, 2016, at 9:00 a.m.
- Joint case management statement due:  April 8, 2016.
- Case management conference:  April 15, 2016, at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: November 10, 2015

_____
JEFFREY S. WHITE
United States District Judge