UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW EDWARDS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL MILK PRODUCERS FEDERATION, et al.,<br><br>    Defendants. | Case No. 11-cv-04766-JSW<br><br>**ORDER RE MOTIONS TO FILE UNDER SEAL: GRANTING DOCKET NOS. 397 AND 406 AND PROVIDING FINAL OPPORTUNITY FOR DEFENDANTS TO SHOW COMPELLING REASONS RE DOCKET NO. 402**<br><br>Re: Dkt. Nos. 397, 402, 406 |

Now pending are three motions to filed documents under seal. (Dkt. Nos. 397, 402, 406.)

Defendants' two pending administrative motions to file documents under seal (Dkt. Nos. 397 and 406) are unopposed. Defendants have filed public, redacted versions of the documents to be filed under seal. The Court finds that the proposed redactions are narrowly tailored and that, in Defendants' declarations, Defendants have shown compelling reasons to file the unredacted versions under seal. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1103 (9th Cir. 2016). Accordingly, the Court GRANTS Defendants' administrative motions to file under seal (Dkt. Nos. 397 and 406).

Plaintiffs filed their administrative motion to seal (Dkt. No. 402) pursuant to Civil Local Rule 79-5(d) and (e), to submit documents designated as "Confidential" or "Highly Confidential" by Defendants under the protective order in place in this action. Plaintiffs' motion takes the position that the information should be publicly filed. Under Civil Local Rule 79-5(e), if Defendants contend that the designated material is sealable, Defendants should have filed a declaration as required by Civil Local Rule 79-5(d)(1)(A) within four days after the filing of Plaintiffs' administrative motion. Defendants have not done so. It is unclear whether Defendants

1  failed to file a declaration because they concur that the material at issue is not sealable, or through
2  oversight. The Court could now deny the motion, but, in the exercise of discretion, provides
3  Defendants with one final opportunity to establish that the information may be filed under seal.
4      If Defendants contend that there are compelling reasons to file under seal the information
5  that is the subject of Docket No. 402, Defendants must comply fully with Civil Local Rule 79-5 no
6  later than February 19, 2016. In addition to a declaration showing compelling reasons to file the
7  information under seal, the Court hereby orders Defendants to file proposed redacted versions of
8  any documents containing information that they seek to have filed under seal. The redacted
9  versions must be narrowly tailored to redact only information for which compelling reasons exist
10 to overcome the strong presumption in favor of access to court records. *Center for Auto Safety*,
11 809 F.3d at 1096; *see also id.* at 1100 (citing *In re Midland Nat'l Life Ins. Co. Annuity Sales*
12 *Practices Litig.*, 686 F.3d 1115, 1118-1120 (9th Cir. 2012)). The Court RESERVES RULING on
13 Docket No. 402 pending Defendants' response, if any, to this final opportunity to establish that the
14 information may be filed under seal.
15     **IT IS SO ORDERED.**
16 Dated: February 12, 2016

JEFFREY S. WHITE
United States District Judge