UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW EDWARDS, et al.,

Plaintiffs,

v.

NATIONAL MILK PRODUCERS FEDERATION, et al.,

Defendants.

Case No. 11-cv-04766-JSW

[consolidated with 11-cv-04791-JSW and 11-cv-05253]

**ORDER RE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; UNSEALING DOCUMENTS; AND DENYING OTHER PENDING MOTIONS AS MOOT**

Re: Dkt. No. 423-3

Now before the Court is Plaintiffs' unopposed motion for preliminary approval of class action settlement. The Court has considered the papers, relevant legal authority, and the record in this case. For the reasons set forth in this order, the Court hereby ORDERS Plaintiffs, within 7 days after the date of this order, to submit a revised long form Legal Notice of Settlement ("Notice") or to show cause why a revised Notice should not be required. The Court HOLDS IN ABEYANCE the motion for preliminary approval pending this supplemental filing.

The Court's review of this proposed class action settlement is governed by Rule 23(e) of the Federal Rules of Civil Procedure. That rule generally requires the Court "to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Id.* (citing *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982)).

"District courts have interpreted Rule 23(e) to require a two-step process for the approval of class action settlements: 'the Court first determines whether a proposed class action settlement

United States District Court
Northern District of California

deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted.'" *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509-LHK, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004)). At the final approval stage, the Court balances the following non-exhaustive factors to evaluate the fairness of the proposed settlement: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

It is less well-established what factors should guide the Court's evaluation of the proposed settlement at the preliminary approval stage. "Some district courts . . . have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" *In re High-Tech Emp. Antitrust Litig.*, 2014 WL 3917126, at *3 (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp.2d 1078, 1079 (N.D. Cal. 2007)). Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079 (quoting Manual for Complex Litigation, Second § 30.44 (1985)). In determining whether the proposed settlement falls within the range of reasonableness, the Court evaluates the relative strengths and weaknesses of the plaintiffs' case, and balances Plaintiffs' expected recovery against the value of the settlement offer. *Cotter v. Lyft, Inc.*, --- F. Supp. 3d ---, No. 13 cv-04065-VC, 2016 WL 1394236, *4 (N.D. Cal. April 7, 2016) (quotations and citations omitted).

The Northern District of California provides procedural guidance for class action settlements, available at http://cand.uscourts.gov/ClassActionSettlementGuidance.



United States District Court
Northern District of California

United States District Court
Northern District of California

The Court has reviewed the terms of the proposed Settlement Agreement and finds that it generally falls within the range of possible approval. The Court has a question, however, regarding the proposed long form Legal Notice of Settlement. (Vasquez Decl. Exh. D., Dkt. No. 423-5.) The only reference to attorney's fees, costs, and expenses; service awards for the named Plaintiffs; or costs of settlement administration, is a brief reference in the following paragraph on page 2 of the Notice informing class members of their right to go to a hearing.

> The Court will hold a final approval hearing on December 16, 2016, at 9:00 a.m. at the United States District Court, 1301 Clay Street, Oakland, CA, Courtroom 5, 2nd Floor, to consider whether to approve or deny the settlement and a request for attorneys' fees up to one third of the settlement funds plus costs and expenses, as well as service awards for the named plaintiffs. You may appear at the final approval hearing either in person or through your own attorney.

This Court suggests that this language be edited as follows, to provide clarity regarding the issues raised in this section:

> The Court will hold a final approval hearing on December 16, 2016, at 9:00 a.m. at the United States District Court, 1301 Clay Street, Oakland, CA, Courtroom 5, 2nd Floor, to consider whether to approve the settlement as fundamentally fair, adequate, and reasonable, dismiss this lawsuit, and enter judgment or to deny the settlement and require the lawsuit to continue.
>
> The Court will also consider at the final approval hearing the request of class counsel for an award of attorney's fees, not to exceed one third of the settlement funds or $17,333,333.33 plus accrued interest; the request of class counsel for reimbursement of costs and expenses incurred in pursuing this lawsuit, not to exceed $_______; a request for service awards to each named class representative not to exceed $5,000 per named individual and a total of $90,000; and the Court's approval to pay the costs of settlement administration, not to exceed $2,000,000.00, to the third party settlement administrators. These amounts, if awarded, will be deducted from the settlement fund.
>
> You may appear at the final approval hearing either in person or through your own attorney, at your own expense. If you do not do so, you will be represented in the case by class counsel.

The intended purpose of this language is to provide adequate notice to the class, especially given the fact that Plaintiffs indicate that class counsel may seek attorneys' fees substantially in excess of the Ninth Circuit's "benchmark percentage" of 25%, *see, e.g., In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015); *In re Bluetooth Headset Prods. Liability Litig.*,

654 F.3d 935, 942 (9th Cir. 2011), and also in light of the Ninth Circuit's law regarding incentive awards, *see, e.g., Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1165 (9th Cir. 2013). The parties may, if they wish, reorganize the Notice to provide this information in a clear manner in a different section of the Notice.

Within 7 days after the date of this order, the parties are requested to file either (a) a revised proposed Notice, which incorporates the Court's suggested language (with the addition of the maximum amount of costs and expenses to be sought, plus any other changes required for accuracy); or (b) a supplement to the motion, showing cause why such additional language should not be included in the Notice.

If the parties submit a satisfactory revised proposed Notice, the Court is tentatively inclined to grant the motion for preliminary approval without a hearing. If the parties file a supplement to the motion opposing such a revision, the Court shall either issue a written order ruling on the motion or shall schedule a hearing on the motion.

The Court HOLDS IN ABEYANCE the Motion for Preliminary Approval pending the parties' supplemental filing. (Docket No. 423-3.)

The Clerk shall unseal Docket Nos. 423-1, 423-3, 423-4, 423-5, and 423-6, which were ordered sealed only through August 19, 2016.

The Court DENIES all other pending motions as moot. (Dkt. Nos. 333, 395, 398.)

**IT IS SO ORDERED.**

Dated: August 22, 2016

JEFFREY S. WHITE
United States District Judge