1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MATTHEW EDWARDS, et al., individually and on behalf of all others similarly situated, | Case No. 11-CV-04766-JSW |
| Plaintiffs, | [consolidated with 11-CV-04791-JSW and 11-CV-05253-JSW] |
| v. | ~~[PROPOSED]~~ **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** AS MODIFIED |
| NATIONAL MILK PRODUCERS FEDERATION, aka COOPERATIVES WORKING TOGETHER; DAIRY FARMERS OF AMERICA, INC.; LAND O'LAKES, INC.; DAIRYLEA COOPERATIVE INC.; and AGRI-MARK, INC., | |
| Defendants. | |

010263-11  891310 V1

1

[PROPOSED] ORDER

2     Now before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class

3 Action Settlement.  The Court has considered the parties' papers, relevant legal authority, and the

4 record in this case, and the Court hereby GRANTS the Motion for Preliminary Approval.

5     WHEREAS, plaintiffs, on behalf of themselves and on behalf of the proposed settlement

6 class, and defendants National Milk Producers Federation, on behalf of itself and Cooperatives

7 Working Together, Land O'Lakes, Inc., Dairy Farmers of America, Inc., Dairylea Cooperative,

8 Inc., and Agri-Mark, Inc. have agreed, subject to Court approval, to settle the above captioned

9 litigation upon the terms set forth in the settlement agreement;

10     WHEREAS, this Court has reviewed and considered the settlement agreement entered into

11 among the parties, the record in this case, the briefs and arguments of counsel, and supporting

12 exhibits;

13     WHEREAS, plaintiffs have moved, unopposed, for an order granting preliminary approval of

14 the settlement agreement;

15     WHEREAS, the proposed settlement class refers collectively to the sixteen classes already

16 certified by the Court in its Order Regarding Motion for Class Certification (ECF No. 266) and its

17 subsequent order certifying a class for the state of West Virginia (ECF No. 287).  For purposes of

18 clarity these orders together define the certified classes as:

19
> All consumers who, from 2003 to the present, as residents of Arizona,
20
> California, the District of Columbia, Kansas, Massachusetts, Michigan,
> Missouri, Nebraska, Nevada, New Hampshire, Oregon, South Dakota,
21
> Tennessee, Vermont, West Virginia, and/or Wisconsin, indirectly
> purchased milk and/or other fresh milk products (including cream, half
22
> & half, yogurt, cottage cheese, cream cheese, and/or sour cream) for
> their own use and not for resale.

23
> Excluded are (1) Defendants and their co-conspirators; (2) any entity in
24
> which Defendants have a controlling interest; (3) Defendants' officers,
> directors, and employees; (4) Defendants' legal representatives,
25
> successors, and assigns; (5) governmental entities; and (6) the Court to
> which this case is assigned.

26

27

28

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.   The Court does hereby preliminarily approve the settlement agreement, subject to further consideration at the final fairness hearing described below.

2.   A final approval hearing shall be held before this Court on **December 16, 2016, at 9:00 a.m., in Courtroom 5, 2nd Floor, at the United States District Court, located at 1301 Clay Street, Oakland, California**, to determine whether the proposed settlement on the terms and conditions provided for in the settlement agreement is fair, reasonable and adequate to the settlement class and should be approved by the Court; whether final judgment should be entered; the amount of fees, costs, and expenses that should be awarded to plaintiffs' counsel; and the amount of any service awards to be awarded to the class representatives.  Any class member may appear at the fairness hearing to be heard on any of these determinations, regardless of whether the class member has previously filed written objections.  The Court may change the day of the fairness hearing without further notice to the members of the settlement class.

3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has already certified the following classes, which the settlement agreement uses to in turn define the settlement class.[1]  Accordingly the Court approves the dissemination of notice to the settlement class as follows:

> All consumers who, from 2003 to the present, as residents of Arizona, California, District of Columbia, Kansas, Massachusetts, Michigan, Missouri, Nebraska, Nevada, New Hampshire, Oregon, South Dakota, Tennessee, Vermont, West Virginia, and/or Wisconsin, indirectly purchased milk and/or other fresh milk products (including cream, half & half, yogurt, cottage cheese, cream cheese, and/or sour cream) for their own use and not for resale.

> Excluded are (1) Defendants and their co-conspirators; (2) any entity in which Defendants have a controlling interest; (3) Defendants' officers, directors, and employees; (4) Defendants' legal representatives, successors, and assigns; (5) governmental entities; and (6) the Court to which this case is assigned.

4.   The Court approves, as to form and content, the notice of the proposed settlement agreement, attached to Declaration of Alan Vasquez, subject to the provisions of Paragraph 6 of this

---

[1] The notice of pendency was disseminated to classes with a period extending to 2012, *see* ECF No. 312, but the settlement notice will be disseminated to classes with a period extending to the present, as originally certified, *see* ECF No. 266.

[PROP.] ORDER GRANTING IPPS' MOT. FOR PRELIM.
APPROVAL OF CLASS ACTION SETTLEMENT –
No.: 11-CV-04766-JSW

order.  The Court further finds that the proposed notice campaign substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

5.   The Court confirms and appoints Gilardi & Co. LLC and Sipree, Inc. as the settlement notice administrators.  The settlement notice administrators shall commence all aspects of the approved notice campaign, including internet, dedicated website and press release, as more fully set forth in the Vasquez declaration, no later than September 2, 2016.

6.   Prior to publication of the settlement notice approved above, the settlement notice administrators are ordered to accurately conform all dates in the approved settlement notice to the dates approved by the terms of this Order.  Additionally, the settlement notice administrator shall conform the long form notice to Docket No. 429-1.

7.   Class Counsel shall file their motion for attorney fees, costs, and service awards, and all supporting documentation and papers, no later than October 14, 2016.

8.   Any person who desires to file an objection to the settlement or request exclusion from the settlement class shall do so by October 28, 2016, in conformance with the provisions of the settlement notice as approved above.

9.   In particular, all written objections and supporting papers, if any, must (a) clearly identify the case name and number (*Edwards v. National Milk Producers Federation*, Case No. 11-CV-04766-JSW); (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before October 28, 2016.

10. Class counsel shall file their motion for final approval of settlement, and all supporting documentation and papers, no later than November 11, 2016.

11. Class counsel may file a written response to any objections to the settlement agreement, or to the application for attorneys' fees, reimbursement of expenses, and class representative service awards, no later than 14 days before the final fairness hearing, or by December 2, 2016.

12. At the final approval hearing, class counsel shall provide the Court with any updated information available as of that date concerning any requests for exclusion received from the

settlement class, any objections received from the settlement class, or any other communications received in response to the notice of settlement.

13. At or after the fairness hearing, the Court shall determine whether the settlement agreement, the motion for attorney's fees and expenses, and any service awards shall be approved.

14. All reasonable expenses incurred in notifying the settlement class ~~and administering the settlement~~ shall be paid as set forth in the settlement agreement.  At the fairness hearing, the Court will consider the application for approval to pay the costs of settlement administration.

15. Neither the settlement agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by plaintiffs or defendants, respectively, of the truth or falsity of any of the allegations made, or of any liability, fault or wrongdoing of any kind.

16. The Court adopts the following schedule proposed in the motion:

| Event | Deadline |
|---|---|
| Hearing and order re preliminary approval | August 26, 2016 |
| Notice campaign to begin, including internet, dedicated website, and press release | September 2, 2016 [one week from preliminary approval order] |
| Last day for motion for attorneys' fees, costs, expenses, and service awards | October 14, 2016 [two weeks before objection deadline] |
| Last day to file objections to the settlement or requests for exclusion from the class | October 28, 2016 [eight weeks from notice] |
| Last day for motion in support of final approval of settlements | November 11, 2016 [two weeks after objection deadline] |
| Last date for defendants to rescind the agreement based on opt-outs | November 27, 2016 [30 days from the last day to opt out] |
| Last day for response to objections, reply in support of motion for final approval, and reply in support of motion for attorneys' fees, costs, expenses, and service awards | December 2, 2016 [two weeks prior to the final fairness hearing] |
| Final Fairness Hearing | December 16, 2016 at 9:00 a.m. [five weeks after motion for final approval], unless otherwise ordered by the Court |

| Last day to file claims | January 31, 2017 |
|---|---|

17. The Court reserves the right to adjourn, continue or otherwise change the date of the fairness hearing without further notice to the members of the settlement class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement agreement. The members of the settlement class ~~as~~ are advised to confirm the date of the final approval hearing as set forth in the settlement notice. The Court may approve the settlement agreement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the settlement class.

IT IS SO ORDERED.

DATED:   August 25, 2016

HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE