Anna St. John (*pro hac vice*)
**COMPETITIVE ENTERPRISE INSTITUTE
  CENTER FOR CLASS ACTION FAIRNESS**
1310 L Street NW, 7th Floor
Washington, DC 20005
Voice: (917) 327-2392
Email: anna.stjohn@cei.org

Eric M. Lightman (SBN 288791)
**Law Offices of Eric M. Lightman**
1254 Mission Street
San Francisco, CA
Voice: (415) 295-4777
Email: eric.m.lightman@gmail.com

*Attorneys for Objector Joshua D. Holyoak*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MATTHEW EDWARDS, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MILK PRODUCERS FEDERATION, aka COOPERATIVES WORKING TOGETHER; DAIRY FARMERS OF AMERICA, INC.; LAND O'LAKES, INC.; DAIRYLEA COOPERATIVE INC.; and AGRI-MARK, INC.,<br><br>Defendants.<br><br>JOSHUA D. HOLYOAK and MICHAEL ANTONIO O'BRIAN,<br><br>Objectors. | Case No. 11-cv-04766-JSW<br><br>**REPLY BRIEF RE: JOINT MOTION FOR ATTORNEYS' FEES**<br><br>Date: August 18, 2017<br>Time: 9:00 a.m.<br>Courtroom: 5, 2nd floor<br>Judge: The Honorable Jeffrey S. White |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................................ ii

TABLE OF AUTHORITIES ................................................................................................................ iii

INTRODUCTION .................................................................................................................................. 1

    I.    Under Ninth Circuit law, Holyoak and O'Brian conferred a substantial benefit on the class, and are entitled to fees. .............................................................................................................. 3

    II.    Holyoak and O'Brian's fee request, amounting to 3.23% of the benefit conferred, is not excessive. ...................................................................................................................................... 5

    III.    This court should grant O'Brian an incentive award. ........................................................... 7

    IV.    Objectors' fee award should be paid by class counsel, rather than the class. ..................... 8

CONCLUSION ..................................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*In re AOL Time Warner ERISA Litig.*,
    2007 WL 4225486 (S.D.N.Y. Nov. 28, 2007) ............................................................................ 6

*In re Apple Inc. Sec. Litig.*,
    No. 5:06-CV-05208, 2011 WL 1877988 (N.D. Cal. May 17, 2011) ............................................. 2

*Fleury v. Richemont N. Am., Inc.*,
    2008 WL 4829868 (N.D. Cal. Nov. 4, 2008) .............................................................................. 4

*Fraley v. Batman*,
    638 Fed. Appx. 594 (9th Cir. 2016) ................................................................................ 4, 6, 7

*Great Neck Capital Appreciation Inv. P'ship v. PriceWaterhouseCoopers*,
    212 F.R.D. 400 (E.D. Wis. 2002) ................................................................................................ 9

*Hendricks v. Starkist Co.*,
    2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) ........................................................................ 8, 9

*Hendricks v. Starkist Co.*,
    2017 WL 2289210 (N.D. Cal. May 25, 2017) ............................................................................ 9

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................................................. 1, 5

*In re Law Office of Jonathan E. Fortman, LLC*,
    No. 4:13MC00042 AGF, 2013 U.S. Dist. LEXIS 13903 (E.D. Mo. Feb. 1, 2013) .................... 7

*Reynolds v. Beneficial Nat'l Bank*,
    288 F.3d 277 (7th Cir. 2002) ...................................................................................................... 3

*Rodriguez v. Disner*,
    688 F.3d 645, 659 (9th Cir. 2012) .............................................................................................. 4

*Rodriguez v. W. Pub'g Co.*,
    563 F.3d 948 (9th Cir. 2009) .................................................................................................. 1, 3

*Rose v. Bank of Am. Corp.*,
    2015 WL 2379562 (N.D. Cal. May 18, 2015) ............................................................................ 4

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
    2015 WL 4776946 (N.D. Cal. Aug. 13, 2015) ........................................................................... 4

*In re Veritas Software Corp.*,
    2006 WL 463509 (N.D. Cal. Feb. 24, 2006) .............................................................................. 6

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002)..................................................................................4, 9

*Wininger v. SI Mgmt. L.P.*,
    301 F.3d 1115 (9th Cir. 2002)..................................................................................2, 5

## INTRODUCTION

Plaintiffs oppose Holyoak and O'Brian's combined fee request of $140,000—3.23% of the benefit achieved—on the grounds that objectors conferred no substantial benefit to the class. They argue that the Court "did not **rely** on [objectors'] arguments in coming to its own conclusion on class counsel's fee award." Opp. at 4 (emphasis added). But plaintiffs' approach contravenes Ninth Circuit law. Under *Rodriguez v. West Publ'g Corp.* ("*Rodriguez I*"), denying fees on such grounds would be "clearly erroneous" absent a finding that the Court had been "focused" on the objectors' arguments prior to the time that Holyoak and O'Brian's objections were filed. 563 F.3d 948, 963 (9th Cir. 2009). Plaintiffs have demonstrated nothing of the sort. Instead, Holyoak and O'Brian argued that this Court should award no more than the 25% benchmark. In particular, Holyoak argued that the large size of the settlement fund should make the Court wary of granting class counsel a windfall, and provided pertinent authority to support that argument. Holyoak Objection, Dkt. 440 at 2-3, 6-10. O'Brian attacked the requested lodestar multiplier and class counsel's claims of an extraordinary outcome in the case to support an above-benchmark high-lodestar-multiple fee. O'Brian Objection, Dkt. 444 at 13-14, 18-19, 21-22. In its ruling, this Court held to the benchmark *explicitly* to avoid granting class counsel a windfall due to the large settlement fund and also avoid an excessive lodestar multiplier, saving the class over $4.3 million. Order, Dkt. 485 at 12-14. Because the Court had not previously focused on the windfall and excessive fee issues raised by objectors, objectors are entitled to fees for the benefit their objections produced.

Plaintiffs also argue that Holyoak and O'Brien's fee request is excessive. First, they argue that objectors' fee request is excessive because this Court rejected most of their arguments. Opp. at 1-4, 9-10. While plaintiffs attempt to dismiss the work done on the benchmark argument as *de minimis*, Holyoak in fact dedicated nearly one third of his objection to that very argument and approximately one-quarter of O'Brian's objection relates to excessive fees. *See* Dkt. 440 at 2-3, 6-10; Dkt 444 at 13-14, 18-19, 21-22. More importantly, it makes no difference the *number* of objectors' arguments the Court adopts but rather *what* the successful arguments *produce* because "[t]he result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Here, the windfall and excessive fee request arguments

resulted in a $4.3 million benefit for the class. The combined $140,000 request is modest compared to the benefit achieved.

Second, plaintiffs argue that the request is excessive because Holyoak and O'Brien bore minimal risk. Unlike objector's counsel in *Wininger v. SI Mgmt. L.P.* relied upon by plaintiffs, *see* Opp. at 8-9, Holyoak and O'Brian's counsel worked with no guarantee of being paid. 301 F.3d 1115, 1126 (9th Cir. 2002). Plaintiffs argue that objectors' risk was minimal because objectors' involvement was short in duration compared to plaintiffs' involvement. Opp. at 8. Any such comparison bears no relation to objectors' risk: although plaintiffs' duration was longer, class counsel was awarded $13 million while objectors seek only $140,000. And, shorter duration does not decrease the risk that objectors would not be paid.

Third, plaintiffs argue that objectors' fee requests are excessive because their work was duplicative. Not so. Both objectors saw that plaintiffs' fee request was excessive, and both filed lengthy objections on the same day that highlighted the issue (among many others), using varied reasoning. *See* Dkt. 440 at 2-3, 6-10; Dkt. 444 at 18-19. This was not a "follow-on" objection, where one objector copy-and-pasted another objector's arguments. Both independently did the work necessary to ensure the Court was aware of the issue; thus, equity suggests that both should be compensated. And given that the combined request reflects only 3.23% of the benefit conferred, it is hardly unreasonable.

Plaintiffs further argue that O'Brian should not receive an incentive award, *inter alia*, because Holyoak did not request one and because O'Brian was not subjected to a deposition. Neither point addresses the question: did O'Brian confer a benefit on the class? *In re Apple Inc. Sec. Litig.*, No. 5:06-CV-05208, 2011 WL 1877988, at *5 (N.D. Cal. May 17, 2011). Plaintiffs illogically argue that because O'Brian retained counsel and was not deposed by class counsel and because class counsel did not <u>specifically</u> target O'Brian personally in their *ad hominem* attacks, O'Brian was insufficiently personally involved to merit an incentive award. Opp. at 12. This ignores the fact that O'Brian had to prepare his own declaration of the factual basis supporting his objection and there could have been no objection without his involvement and willingness to sit for a deposition if asked. If objectors were only entitled to an incentive award when they were both successful on behalf of the class *and personally*

Case No: 11-cv-04766-JSW 2
REPLY BRIEF RE: JOINT MOTION FOR ATTORNEYS' FEES

*deposed* or if a plaintiffs' attorney directed *argumentum ad hominem* directly at both their attorneys *and them personally*, that would be a dramatic new statement of law. Finally, beyond stating, *ipsie dixit*, that O'Brian's costs should not be paid, plaintiffs provided zero analysis or argument, conceding the point.

I.   **Under Ninth Circuit law, Holyoak and O'Brian conferred a substantial benefit on the class, and are entitled to fees.**

Plaintiffs argue that objectors are not entitled to fees because this Court "made [the] determination on its own", Opp. at 5, and thus "the Court is responsible for preserving the fund—not objectors." *Id.* Plaintiffs' claim is factually preposterous. The resolution of the benchmark issue shows the valuable role the objectors played. This Court's opinion lays out objectors' argument, using cases cited in objectors' briefing. *Compare* Order, Dkt. 485 at 12-14 *with* Dkt. 440, at 9-10 *and* Dkt. 444 at 18-19. Then, the Court held to the 25% benchmark, "rewarding class counsel for their substantial efforts … and yet not [granting] a windfall given the large settlement fund." Order at 14. This specific concern—that guarding against a windfall was particularly important given the large size of the settlement fund—is at the core of Holyoak's briefing. Dkt. 440 at 9-10. The Court also specifically addressed class counsel's high billing rates and the excess of their requested lodestar multiplier. Order at 13. This specific concern was targeted by O'Brian in his objection. Dkt. 444 at 21-22. And when the Court ultimately held plaintiffs' fees to the benchmark, it granted something within the range of what objectors had asked for. Dkt. 440 at 6; Dkt. 444 at 20-21. It would be an extremely improbable coincidence for the Court to have considered these precise issues and specific cases on its own.

More important, plaintiffs' arguments are legally wrong. Under plaintiffs' flawed approach, objectors would have to "decide whether to object without knowing what objections may be moot because they have already occurred to the judge." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002). Indeed, plaintiffs' approach resembles that of the district court in *Rodriguez I*, which refused to grant an objector's fee request "on the footing that [o]bjector's counsel 'did not add anything' to its decision to deny incentive awards." 563 F.3d at 963. The Ninth Circuit reversed, finding this line of reasoning "clearly erroneous," because "[t]he court was not focused on the incentive agreements before objectors took exception to them." It decided that it could not "let stand

Case No: 11-cv-04766-JSW 3
REPLY BRIEF RE: JOINT MOTION FOR ATTORNEYS' FEES

a ruling that objectors did nothing that increased the fund or substantially benefitted the class members." *Id.* (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002)).

Objectors challenged an upward departure from the benchmark, making specific arguments supported by pertinent authority that showed why such a departure was particularly inappropriate given the size of the settlement fund and the excessive lodestar multiplier such departure would cause. Dkt. 440 at 9-10; Dkt. 444 at 21-22. Even if the Court had thought of these issues independently, and by some complete coincidence the Court raised all of the same concerns and same legal authority presented by objectors, objectors would still be entitled to fees under Ninth Circuit law. Thus, contrary to plaintiffs' contention, it is unnecessary to dissect the Court's thought process and speculate whether and how this Court relied on objectors' briefing.

The cases cited by plaintiffs are inapposite. Plaintiffs cite *Fleury v. Richemont N. Am., Inc.*, to oppose objectors' fee request, but the passage plaintiffs quote belies their argument—unlike *Fleury*, the benchmark issue in this case had not been "already raised by the court *sua sponte*." 2008 WL 4829868 at *12 (N.D. Cal. Nov. 4, 2008). Both objectors raised the benchmark and windfall issue the same day. Plaintiffs' motion for fees was filed on October 14, 2016, and Holyoak and O'Brian objected on October 28, 2016. *See* Dkt. 436, 440, 444. The only objection filed before Holyoak's did not discuss the benchmark or windfall issues. *See* Dkt. 437. Conversely, in *Fleury*, the objector raised issues that had been dealt with by the court or other objectors much earlier. *Id.* at *6, *7, *9. Similarly, plaintiffs' reliance on *Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012) ("*Rodriguez II*") and *Fraley v. Batman*, 638 Fed. Appx. 594, 598 (9th Cir. 2016) is misplaced because objectors' arguments in this case were "new legal arguments or expertise" not previously presented to or considered by the Court.

*In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2015 WL 4776946 (N.D. Cal. Aug. 13, 2015), and *Rose v. Bank of Am. Corp.*, 2015 WL 2379562 (N.D. Cal. May 18, 2015), also cited by plaintiffs, are also unpersuasive. The passage plaintiffs quoted from *Transpacific* is dictum; there, the court awarded objector's counsel (CCAF) fees for identifying untimely expenses, and only noted that it didn't rely on CCAF's other arguments in a footnote. 2015 WL 4776946, at *1 n.1. The court in *Rose* rejected an objector's fee request on a number of grounds, most notably objector's "failure to comply

Case No: 11-cv-04766-JSW 4
REPLY BRIEF RE: JOINT MOTION FOR ATTORNEYS' FEES

with Civil Local Rule 54-5(b)" by providing documentation to support the fee request. 2015 WL 2379562 at *2-*3.

## II. Holyoak and O'Brian's fee request, amounting to 3.23% of the benefit conferred, is not excessive.

Objectors request a modest 3.23% of the benefit conferred on the class. Plaintiffs argue that this request is excessive on three grounds: that objectors bore "minimal" risk, this Court rejected most of objectors' arguments, and the request is duplicative. Opp. at 8-11. These arguments all fail.

First, plaintiffs argue that objectors had minimal risk exposure, relying on *Wininger*, 301 F.3d at 1126. Opp. at 8-9. In *Wininger*, however, objector's counsel "regularly sent bills" to their client, and "had received $67,800 in payments from their clients." 301 F.3d at 1126. The existence of a paying client led the court to conclude that the objector had taken "minimal risk." *Id.* Here, neither counsel for Holyoak nor counsel for O'Brian were paid by their clients, and they risked receiving *no payment* for their work. Indeed, objectors faced the additional risk of nonpayment even when the objection is successful where, like here, class counsel challenges their entitlement to fees.

Second, plaintiffs argue that the fee request was excessive because the Court rejected objectors' other arguments. Opp. at 9. However, it's not the *number* of arguments the Court adopts that's relevant, but what the successful arguments actually achieve. "[T]he court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. The result is what matters." *Hensley*, 461 U.S. at 435. While this Court did not adopt all of objectors' arguments, it adopted a crucial one—that there should be no upward departure from benchmark due to the large size of the settlement fund. *See* Order, Dkt. 485 at 12-14. The Court's adoption of this argument resulted in $4.3 million being returned to the class.

In the face of *Hensley*, plaintiffs argue that objectors did not achieve an excellent result, and thus should be only partially compensated, because "the majority of the objections they asserted were overruled and the outcome sought rejected." Opp. at 11. The former point is directly refuted by *Hensley*, which explicitly states that the failure to prevail on particular arguments is no grounds for reducing a fee. 461 U.S. at 435. The latter point proves too much; it suggests that plaintiffs' counsel

should return any fees in excess of their lodestar to their settlement fund, as they did not win 100% of the damages they sought in the Complaint. No matter whether objectors raised issues which may have resulted in the defeat of the settlement, they achieved an excellent result that returned $4.3 million to the class—a result that would entitle objectors to over $500,000 (12.5%) based on similar results. *See* Mot. at 7 (citing cases). Instead, objectors seek roughly a quarter of their entitlement.

Plaintiffs rely on *Fraley v. Batman* to argue that the Court should reject objectors' fee request because their successful arguments were *de minimis*. Holyoak's most robust and developed argument was his argument against an upward departure from the benchmark; it accounted for almost four pages of his eleven-page objection. *See* Dkt. 440 at 2-3, 6-10. O'Brian attacked the fee on multiple fronts, particularly regarding exceeding the benchmark without warrant and an excessive lodestar multiple resulting in eye-popping hourly rates, consuming six pages of his twenty-four-page objection. Dkt. 444 at 13-14, 18-19, 21-22. Yet a page-counting game ignores the fundamental issue: objectors both asked the Court to significantly reduce the attorneys' fee, and the Court, following objectors' arguments in several significant ways, returned $4.33 million to class members instead of their lawyers. The only thing even close to *de minimis* is the tiny 3.23% fee objectors request.

Plaintiffs' use of *In re Veritas Software Corp.* is misleading. In that opinion, the court suggested that "the time expended on matters other than the *initial* objection ordinarily would be excluded." 2006 WL 463509, at *5 (N.D. Cal. Feb. 24, 2006) (emphasis added). Plaintiffs removed the word "initial" and replaced it with "sustained." Opp. at 9 & n.54. By doing so, plaintiffs created the misleading impression that the court in *Veritas* was endorsing the argument-by-argument fee analysis that plaintiffs propose. Also, the quotation is dictum, because the motion for fees was untimely.

Further, class counsel increased the time that Holyoak had to devote to the case as a whole by making inflammatory *ad hominem* attacks on his counsel. Mot. at 4. Such attacks are far more "counterproductive to the resolution of the litigation"[1] than any specific objection to the settlement rejected by this Court.

---

[1] *In re AOL Time Warner ERISA Litig.*, 2007 WL 4225486, at *3 (S.D.N.Y. Nov. 28, 2007).

Finally, Plaintiffs suggest that objectors should have coordinated their efforts to avoid duplicative work. Opp. at 11. While that might be easy in a six-year long litigation, where the various plaintiffs' counsel become known to each other early on, it is extremely difficult to coordinate for the purposes of a single objection. Objectors generally do not become aware of each other until their objections are filed—which makes coordination challenging, given that the preparation of the objection is the most time-intensive element of the objection process. Objectors coordinated efficiently at the fairness hearing once the possibility was apparent and have jointly presented this motion out of explicit concern for efficiency in the final stages of this case's litigation.

Both counsel for Holyoak and counsel for O'Brian saw the same problem with the settlement, and both filed their objections on the same day. Neither copied from the other. Under the circumstances, it makes sense for both Holyoak and O'Brian to be awarded fees.

**III.     This court should grant O'Brian an incentive award.**

Plaintiffs cite *Fraley v. Batman* for the proposition that an incentive award is improper where there is no evidence that the objector "personally provided any service to the class." Opp. at 12. They argue O'Brian did not provide any service to the class because "his involvement spans months, rather than years, and he has been occupied in zero discovery." *Id.* This is silly. Most obviously, there would have been no O'Brian objection *without O'Brian!* Second, the only reason there was not discovery of O'Brian was that class counsel did not request it. Such discovery is often granted, sometimes even against objectors' counsel too. *See, e.g.*, *In re Law Office of Jonathan E. Fortman, LLC*, No. 4:13MC00042 AGF, 2013 U.S. Dist. LEXIS 13903 at *1-2 (E.D. Mo. Feb. 1, 2013). As an attorney himself, O'Brian was aware of and prepared for potentially being deposed to support his objection.

Plaintiffs' other arguments against an incentive award for O'Brian are even more ridiculous: that since he's an attorney awarding him an incentive amounts to an additional attorneys' fee and that their *argumentum ad hominem* was not specifically aimed at O'Brian. Opp. at 12. O'Brian seeks his incentive award on the same grounds that the class representatives did: his work on the case that resulted in a benefit to the class. The fact that he is an attorney no more disqualifies his work on his own objection than the legal work the non-lawyer class representatives did such as aiding on filing the

Case No: 11-cv-04766-JSW                                                                                                                     7
REPLY BRIEF RE: JOINT MOTION FOR ATTORNEYS' FEES

complaint, responding to written discovery, and production of documents. *See* Order at 18. Additionally, O'Brian has every right to consider *argumentum ad hominem* aimed at his counsel as a direct one against him by extension. Plaintiffs' argument seems to be that O'Brian should only be credited with risk taking if those arguments had named him personally as well. The implications of this novel argument are stunning, especially considering that such *argumentum ad hominem* already violates this District's Guideline for Professional Conduct #7.

Finally, plaintiffs' argument against O'Brian's incentive award contradicts their arguments for their own clients' incentive awards. "Service awards for class representatives are routinely provided to encourage individuals to undertake the responsibilities of representing the class and to recognize the time and effort spent on the case." Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Costs, and Incentive Awards, Dkt. 436 at 15. As detailed in objectors' fee motion, as a mathematical matter, O'Brian and Holyoak accomplished a per-representative benefit for the class of $2.17 million each versus the class representatives' $1.8 million each. Dkt 488 at 13-14. Certainly by plaintiffs' own logic this fact alone weighs heavily in favor of granting O'Brian the same incentive award as the class representatives since he accomplished about 21.2% more for the class than the class representatives.

## IV. Objectors' fee award should be paid by class counsel, rather than the class.

In their original motion, objectors laid out a number of reasons why this Court should, in its discretion, award objectors fees from the amount allocated to class counsel, as opposed to the class. First, because plaintiffs made an excessive fee request, they are more responsible for objectors' presence than the class. *See Hendricks v. Starkist Co.*, 2016 WL 5462423 at *16 (N.D. Cal. Sept. 29, 2016) ("*Hendricks I*"). Second, safeguarding the settlement fund is the best way for this Court to uphold its fiduciary obligation to the class. Third, it's the best policy: it discourages future class counsel from making excessive fee requests.

Plaintiffs argue that objector's position suggests that "some sort of blame is attributable to class counsel for not correctly predicting the exact amount of the fee award." Opp. at 13. Not so. As objectors explained in their motion, this is not about blame or punishment—rather, it is about equity, and recognizing the realities of settlement and class representation. Mot. at 11-12. This Court has the

discretion to impose the burden of paying objector fees on the class, but it should decline to so, to better uphold its fiduciary obligation to safeguard the class funds. *See Great Neck Capital Appreciation Inv. P'ship v. PriceWaterhouseCoopers*, 212 F.R.D. 400, 416-17 (E.D. Wis. 2002).

Plaintiffs also argue that because this Court already found that $13 million was an appropriate fee award for Plaintiffs' counsel, it should not be reduced. Opp. at 13-14. But the court in *Hendricks* did exactly the same thing, first finding that $3.6 million was an appropriate fee for plaintiffs' counsel in that case, *Hendricks I*, 2016 WL 5462423 at *12, and deciding to deduct objectors' fee from that award anyway, *id.* at *16. *Hendricks* demonstrates that the question of the appropriate fee award and the question of who should pay for the fees of successful objectors are separate questions.

Plaintiffs contend that "objectors' argument amounts to an improper request for reconsideration of the fee award," citing *Hendricks v. Starkist Co.*, 2017 WL 2289210 (N.D. Cal. May 25, 2017) ("*Hendricks II*"). Objectors are not requesting any such thing. In *Hendricks I*, Judge Gilliam denied final approval of the initial settlement agreement in February of 2016, 2016 WL 5462423 at *1, before approving a modified settlement agreement in September 2016. *Id.* at *16. Because certain objectors were responsible for improvements in the second agreement, they moved for fees before the second settlement agreement was approved. *Id.* at *15. Then, in *Hendricks II*, a different objector sought fees *after* the second agreement was approved, *and* sought to have them come from class counsel's award; thus, the court treated it as a motion for reconsideration. 2017 WL 2289210 at *1.

Despite this key factual difference, plaintiffs contend objectors should have "filed their motion for fees in conjunction with their objection." Opp. at 14. The benefit conferred upon the class is the basis for any fee request. *Vizcaino*, 290 F.3d at 1051. Just as plaintiffs ought not be forced to file a fee motion before they settle the case or achieve a favorable outcome, objectors ought not be expected to file fee motions until it is clear they have conferred a benefit on the class.

Finally, plaintiffs argue that any award of objectors' fees should come from the $537,647 that was not used for administration costs. Under the Settlement, however, that $537,647 belongs to the class. The Settlement provides that "a maximum of $2,000,000 **of the Settlement Fund** may be used towards notice of settlement to the class and the administration costs of the Settlement Fund."

Settlement, Dkt. 425-1 ¶ 20 (emphasis added). The Settlement does not set aside $2 million but instead permits the parties to use *up to* $2 million of the *Settlement Fund*. If the parties do not spend the full amount they anticipated on administration costs it simply means that those funds remain part of the Settlement Fund for distribution to the class. Indeed, the Settlement provides that "Defendants will have no possibility of reversion. If complete exhaustion of settlement funds is not feasible for unanticipated reasons, it will be distributed as *cy pres* to the Attorneys General for the Class jurisdictions for use in prosecuting consumer antitrust claims." *Id.* ¶ 21(a). Under the Settlement, even if the $537,647 was separate from the Settlement Fund, to avoid reversion to Defendant, such unused funds would return to the class for distribution to claimants. Thus, because the $537,647 belongs to the class, objectors oppose payment of objector's attorneys' fees from the unspent administration costs.

## CONCLUSION

For the foregoing reasons, Objectors Holyoak and O'Brian respectfully ask the Court to award CEI $70,000 in attorneys' fees, award O'Brian's attorneys $70,000 in attorneys' fees and $1,432.08 in expenses, and award Michael Antonio O'Brian a $5,000 incentive award.

| | |
|---|---|
| Dated: July 31, 2017 | Respectfully submitted, |
| | */s/ Anna St. John* |
| Eric M. Lightman (SBN 288791) | **COMPETITIVE ENTERPRISE INSTITUTE** |
| **Law Offices of Eric M. Lightman** | **CENTER FOR CLASS ACTION FAIRNESS** |
| 1254 Mission Street | 1310 L Street NW, 7th Floor |
| San Francisco, CA 94103 | Washington, DC 20005 |
| Telephone: (415) 295-4777 | Telephone: (917) 327-2392 |
| Email: eric.m.lightman@gmail.com | Email: anna.stjohn@cei.org |

*Attorneys for Objector Joshua D. Holyoak*

| | |
|---|---|
| Grant F. Atkinson (SB# 293760) | Sam A. Miorelli (*pro hac vice*) |
| **Framework Law Group PC** | **Law Office of Sam Miorelli, P.A.** |
| 1275 E 6th Street | 764 Ellwood Avenue |
| Suite 8A | Orlando, FL 32804 |
| Los Angeles, CA 90021 | Telephone: 352-458-4092 |
| Telephone: (847) 987-7361 | E-Mail: sam.miorelli@gmail.com |
| E-Mail: grant@frameworklaw.com | |

*Attorneys for Objector Michal Antonio "Tony" O'Brian*

I, Anna St. John, attest, pursuant to L.R. 5-1(i) that I have obtained concurrence in the filing of this document and the accompanying attachments from the other signatories to the documents.

*/s/ Anna St. John*
Anna St. John

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing reply using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

DATED this 31st day of July, 2017.

                                              */s/ Anna St. John*
                                              Anna St. John