Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Jeff D. Friedman (SBN 173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000
jefff@hbsslaw.com

Elaine T. Byszewski (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA  91101
(213) 330-7150
elaine@hbsslaw.com

*Class Counsel*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MATTHEW EDWARDS, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL MILK PRODUCERS FEDERATION, aka COOPERATIVES WORKING TOGETHER; DAIRY FARMERS OF AMERICA, INC.; LAND O'LAKES, INC.; DAIRYLEA COOPERATIVE INC.; and AGRI-MARK, INC., <br><br> Defendants. | Case No. 11-CV-04766-JSW <br><br> [consolidated with 11-CV-04791-JSW and 11-CV-05253-JSW] <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE POSTING OF APPEAL BOND BY OBJECTOR ANDREWS** <br><br> Dept: Courtroom 5 <br> Judge: Hon. Jeffrey S. White <br> Date: September 15, 2017 <br> Time: 9:00 a.m. |

010263-11  978237 V1

**TABLE OF CONTENTS**

I.    SUMMARY OF ARGUMENT ....................................................................................1

II.   ARGUMENT...........................................................................................................1

      A.    The Relevant Factors All Support Plaintiffs' Request that Objector Andrews
            Be Required to Post an Appeal Bond. ...........................................................1

            1.    Andrews does not show he is unable to post bond in any amount. ...................1

            2.    Andrews resides outside the jurisdiction, so plaintiffs will have
                  difficulty recovering costs on appeal. ...............................................................2

            3.    Andrews is unlikely to prevail, because his appeal is frivolous. .......................2

III.  CONCLUSION.......................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bickley v. Schneider Nat'l, Inc.*,
  No. 08-CV-05806-JSW, 2016 WL 9114937 (N.D. Cal. Nov. 28, 2016) ...................................... 3

*Dennings v. Clearwire Corp.*,
  928 F. Supp. 2d 1270 (W.D. Wash. 2013) ................................................................................. 2

*Figure Eight Holdings, LLC v. Dr. Jays, Inc.*,
  534 F. App'x 670 (9th Cir. 2013) ................................................................................................ 1

*Fleury v. Richemont N. Am., Inc.*,
  No. C-05-4525 EMC, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) ........................................ 2

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) ....................................................................................................... 4

*Padgett v. Loventhal*,
  No. 5:04-CV-03946-EJD, 2015 WL 4240804 (N.D. Cal. July 13, 2015) .................................. 1

*Perdue v. Kenny A.*,
  130 S. Ct. 1662 (2010) ................................................................................................................. 3

*Radcliffe v. Experian Info. Sol.*,
  715 F.3d 1157 (9th Cir. 2013) ..................................................................................................... 4

*Schulken v. Washington Mutual Bank*,
  No. 09-cv-02708-LHK, 2013 WL 1345716 (N.D. Cal. Apr. 2, 2013) ........................................ 1

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ....................................................................................................... 4

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ..................................................................................................... 4

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Mkt. and Sales Prac. Litig.*,
  No. 5:09-md-02015-JF, 2011 WL 3648508 (N.D. Cal. Aug. 18, 2011) .................................... 2

# I. SUMMARY OF ARGUMENT

Plaintiffs have moved for imposition of an appellate bond on each appealing objector on the basis that all relevant considerations support the motion, including "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the costs if he loses the appeal; and (3) an assessment of the likelihood that the appellant will lose on appeal and thus be liable for costs."[1] On August 9, 2017, objector Andrews filed an opposition to the motion.[2] In that opposition he fails to address—and so concedes—that the first two factors favor requiring a bond. As to the merits, Andrews fails to address two issues—and so, again, concedes—that they are frivolous. As to two other issues, he doubles down on accusations of wrongdoing without factual support. And, finally, faced with the patent frivolity of the issues raised, he purports to raise a couple more. These fare no better. The Court should grant plaintiffs' motion for an appeal bond.

# II. ARGUMENT

**A.     The Relevant Factors All Support Plaintiffs' Request that Objector Andrews Be Required to Post an Appeal Bond.**

**1.     Andrews does not show he is unable to post bond in any amount.**

In his opposition, Andrews does not provide any specific rejoinder to plaintiffs' argument that he has failed to demonstrate that he cannot post—or even qualify—for a bond in any amount.[3] He does not address the deposition testimony cited by plaintiffs that he currently works in sales and has for over thirty years.[4] He does not address the argument that a repeat objector should appreciate and assume the obligation to pay costs on appeal—rather than repeatedly pursue the judicial system's potential benefits without assuming the corresponding burdens.[5] And he does not address

---

[1] *Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2015 WL 4240804, at *3 (N.D. Cal. July 13, 2015) (citing *Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 F. App'x 670, 670 (9th Cir. 2013)).

[2] *See* Dkt. No. 511 (Opp.). Because Andrews filed his opposition before the other two objectors, plaintiffs' reply is likewise due prior, despite the consolidated nature of the moving papers. *See* Dkt. No. 505 (Mot.).

[3] *See generally* Opp. at 8 ("If the objector could pay the $1,000.00 today he would but can't.").

[4] *See* Mot. at 6 (citing Dkt. No. 505-1, Ex. A at 9:21-11:3, 12:17-25).

[5] *See* Mot. at 6 (citing *Schulken v. Washington Mutual Bank*, No. 09-cv-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013)).

plaintiffs' argument that, even assuming arguendo he had provided real and concrete evidence of an inability to qualify for a bond in any amount, an appeal bond is still appropriate when other relevant factors weigh in favor of imposing a bond.[6] Given these concessions, the first factor weighs heavily in favor of granting plaintiffs' motion.

### 2. Andrews resides outside the jurisdiction, so plaintiffs will have difficulty recovering costs on appeal.

In his opposition, Andrews also fails to address plaintiffs' argument that they would likely have difficulty recovering their costs on appeal, because he resides outside the jurisdiction.[7] Given this concession, the second factor also weighs heavily in favor of granting plaintiffs' motion.

### 3. Andrews is unlikely to prevail, because his appeal is frivolous.

Plaintiffs identified the issues Andrews intends to raise on appeal from those he was required to state in his IFP motion.[8] Andrews concedes that a couple of previously raised issues are frivolous, continues to advance two others,[9] and raises two additional issues. But moving for IFP status is not a game of whack-a-mole. It is procedurally impermissible to move for IFP status based on certain issues, and once those are demonstrated frivolous, simply raise a couple more. The new issues should be disregarded.

In any event, all issues Andrews has purported to raise on appeal are frivolous. First, in his opposition, Andrews fails to address plaintiffs' argument that it is frivolous to assert that they introduced "unfairly prejudicial information to the Court which biased the court" and "intentionally" failed to send the appellant their filing, which (now another issue) resulted in the Court erring by not suppressing his deposition testimony.[10] So Andrews has conceded these two issues are frivolous.

---

[6] *See* Mot. at 6 (citing *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mkt. and Sales Prac. Litig.*, No. 5:09-md-02015-JF, 2011 WL 3648508, at *1 (N.D. Cal. Aug. 18, 2011)).

[7] *See* Mot. at 7 (citing *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *7 (N.D. Cal. Oct. 21, 2008), and *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1271-72 (W.D. Wash. 2013)).

[8] *See* Dkt. No. 495.

[9] Andrews raised six issues in his IFP motion, *see* Dkt. No. 495, but two were purely derivative of others. *See* Mot. at 3 (addressing fifth and sixth issues).

[10] *See* Mot. at 1-2.

Reply ISO Mtn for Appeal Bond (Andrews)
Case No.: 11-CV-04766-JSW

- 2 -

1      As to the two issues Andrews continues to pursue, these remain manifestly lacking in

2   support.  First, Andrews continues to question the absence of a Spanish notice and claim form on the

3   settlement website,[11] while continuing to ignore that the notice directed class members to "a toll-free

4   automated telephone support line [that] did provide notice in both English and Spanish," as the Court

5   found.[12]  Second, Andrews continues to speculate that "class counsel fibbed in their fee petition."[13]

6   But faced with argument that unsupported accusations of nefarious billing practices cannot support

7   an appeal,[14] all Andrews can muster in response is an article about the billing practices of other firms

8   *not counsel of record in this litigation*.[15]  Moreover, the attorneys in the article acknowledged that

9   they had inadvertently "misstated the time worked by [contract] attorneys by some 9,000 hours."[16]

10  Here, by contrast, counsel has not overstated any hours and all attorney work was performed by

11  partners and associates of the involved firms at reasonable rates.[17]  Andrews's accusations of "fraud"

12  and "breaching [] fiduciary duties to the class" continue to lack any factual support.[18]

13      The two new issues raised by Andrews fare no better.  First, Andrews erroneously asserts

14  that the Court "failed to articulate" in its order "why any multiplier was justified."[19]  This just isn't

15  accurate.[20]  Mimicking objector Erwin, Andrews contends that no multiplier is appropriate under

16  *Perdue*.[21]  But, as Erwin acknowledged, *Perdue* was a civil rights case applicable to federal fee-

17  shifting statutes—as opposed to fees based on a common fund with a lodestar cross-check as here.[22]

18  And, as Erwin also acknowledged, the Ninth Circuit "has refused to extend the notion that risk

19

---

20      [11] Opp. at 6.

21      [12] Mot. at 7 (citing Dkt. No. 485 (Order) at 6-7).

        [13] Opp. at 6.

22      [14] Mot. at 2-3 (citing *Bickley v. Schneider Nat'l, Inc.*, No. 08-CV-05806-JSW, 2016 WL

23  9114937, at *1 (N.D. Cal. Nov. 28, 2016)).

        [15] Opp. at 6-7 & Exhibit 1.

24      [16] Opp. at Exhibit 1.

25      [17] Dkt. Nos. 436-1, ¶ 40; 436-2, ¶ 8; 436-3, ¶ 8; 436-4, ¶ 8; 436-5, ¶ 8.

        [18] Opp. at 7.

26      [19] Opp. at 2.

27      [20] Order at 11-12, 13, 16-17.

        [21] Opp. at 2 (citing *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1669 (2010)).

28      [22] Dkt. No. 441 at 11 & n.17.

1 | multipliers are subsumed within the lodestar to common fund class action settlements."[23]

2 |       Second, in taking issue with the service awards, Andrews mistakenly claims that the "amount

3 | of hours each named plaintiff [spent] is intentionally left out."[24]  This is wrong: each submitted a

4 | declaration stating they spent 40-50 hours on the case during the course of the multi-year litigation.[25]

5 | Andrews then cites Fourth, Sixth, and Seventh Circuit cases in purported support of his argument

6 | that the $5,000 service awards are too high, while ignoring recent precedent from the Ninth Circuit.[26]

7 | To be sure, in *In re Online DVD-Rental Antitrust Litig.,* the Ninth Circuit affirmed "incentive awards

8 | of $5,000 each for nine class representatives," as "well within the usual norms of modest compensa-

9 | tion paid to class representatives."[27]

10 |       Moreover, *Online DVD* specifically distinguished *Radcliffe*, also relied on by Andrews, as

11 | involving "a settlement which explicitly conditioned the incentive awards on the class representa-

12 | tives' support for the settlement."[28]  As there is no such proviso here, *Online DVD* plainly controls.[29]

13 | Likewise, in *Online DVD*, the Ninth Circuit stated that *Staton v. Boeing* did not support an objection

14 | to $5,000 service awards, as Andrews also erroneously argues, because that was "an amount we said

15 | was reasonable."[30]  In short, there is no factual or legal basis for any of the issues objector Andrews

16 | purports to raise on appeal.

17 |       * * * * *

18 |       Finally, in his opposition Andrews does not dispute the amount of plaintiffs' likely costs on

19 | appeal.  Thus, for all these reasons, plaintiffs respectfully request that the Court impose an appeal

20 | bond in the amount of $1,000 on objector Andrews.

21 |

22 | [23] *Id*. at 12 & n.18 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002)).

      [24] Opp. at 3.

23 | [25] Dkt. No. 436-7, at ¶ 12 for each named plaintiff declaration, except for plaintiff Steele at ¶ 11.

24 | [26] Opp. at 3-5.

25 | [27] 779 F.3d 934, 941, 943 (9th Cir. 2015).

      [28] *Id*. at 943 (citing *Radcliffe v. Experian Info. Sol.*, 715 F.3d 1157, 1164 (9th Cir. 2013)).

26 | [29] Order at 18 (overruling objection of Andrews as to the service award as "the service awards in

27 | this case neither involve an *ex ante* agreement between the class representatives and class counsel nor are conditioned on the class representatives' support for the settlement").

28 | [30] 779 F.3d at 947 (citing *Staton*, 327 F.3d 938, 976-77 (9th Cir. 2003) (disapproving service awards of "up to $50,000, with an average of more than $30,000" per class representative)).

III.    CONCLUSION

Plaintiffs respectfully request that the Court grant plaintiffs' motion requiring objector

Andrews to post a bond on appeal in the amount of $1,000.

DATED:  August 16, 2017                          HAGENS BERMAN SOBOL SHAPIRO LLP

By ___*/s/ Steve W. Berman*_____
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
(206) 623-7292
steve@hbsslaw.com

Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000
jefff@hbsslaw.com

Elaine T. Byszewski (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA  91101
(213) 330-7150
elaine@hbsslaw.com

Daniel E. Gustafson (*pro hac vice*)
Jason S. Kilene (*pro hac vice*)
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844
dgustafson@gustafsongluek.com
jkilene@gustafsongluek.com

Shpetim Ademi (*pro hac vice*)
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, Wisconsin  53110
(414) 482-8000
sademi@ademilaw.com

Mark Reinhardt
Garrett D. Blanchfield
REINHARDT WENDORF & BLANCHFIELD
332 Minnesota St., Suite 1250
St. Paul, MN  55101
(651) 287-2100
m.reinhardt@rwblawfirm.com
g.blanchield@rwblawfirm.com

*Class Counsel*

1   **CERTIFICATE OF SERVICE**

2   I, the undersigned, declare:

3       1.      That declarant is and was, at all times herein mentioned, a citizen of the United States

4   and a resident of Los Angeles, over the age of 18 years, and not a party to or interested in the within

5   action; that declarant's business address is 301 N. Lake Ave., Suite 920, Pasadena, CA 91101.

6       2.      That on August 16, 2017, I electronically filed the foregoing with the Clerk of Court

7   using the CM/ECF system, which will send notification of such filing to the CM/ECF participants

8   registered as counsel of record in this action.

9       3.      That on August 16, 2017, I served by U.S. Mail true and correct copies of the

10  foregoing to the following parties by placing said documents in envelopes addressed as shown

11  below:

12
                            Christopher Andrews
                            P.O. Box 530394
13                          Livonia, MI 48153-0394

14

15      I declare under penalty of perjury, under the laws of the United States of America, that the

16  foregoing is true and correct.

17      Executed this 16th day of August 2017 in Pasadena, California.

18
                                            */s/ Jennifer Conte*
19                                          Jennifer Conte

20

21

22

23

24

25

26

27

28

- 6 -