Class Action Clerk

U.S. District Court for the

Northern District of California

1301 Clay Street

Oakland, California 94612



**In re: Edwards v. National Milk Producers Federation,**
**Case No. 4:11-cv-04766-JSW**

Judge Jeffrey S. White

Christopher Andrews

Response to Plaintiffs'' Reply In

Support of Motion to Require Posting

of Appeal Bond By the Objector

September 15, 2017 at 9:00 a.m.

Courtroom 5 on the 2nd Floor

(1) As was and has been shown the objector can't pay any bond in any amount. (2) the objector will agree to pay the $1,000.00 bond amount in the very unlikely event the 9th Circuit finds that the Lack of Spanish Notice, Claim and Opt Out Forms are ruled as not being required in this case and does not qualify as a best practice (3) the like hood of success on the issues raised in the notice of Appeal and the last response to Class Counsel's request for bond is great.

1. Responded and proven that any appeal bond would cause an impermissible barrier to appeal.

2. Even though there are no funds available now, even $50.00 at the end of any month, he will in good faith attempt to earn more money and set that aside to be able to pay the bond amount within thirty days of the Ninth Circuit's decision that will come down in less than twelve months . Summers are slow, fall is better for business. Since this is an extraordinary overlooked issue that is affecting every class action settlement in this circuit and around the country he will ask for an expedited decision.

3. Let's take one issue, forgetting the unjustified sky high incentive awards that are too much if a disparity compared to $30.00 for a moment. Imagine in a class action settlement where it has been shown that up to 12% of the class speaks Spanish and up to 9 million potential class members can't read English.

Common sense alone says there should be a Spanish translation of important documents, yet, there that there is no Spanish Notice, Claim Form, Opt Out Form, est. Now also imagine if providing these documents translated into Spanish would cost almost nothing to post to the website. What could the reason be for not providing the documents in Spanish?

Is it forgetfulness, stupidity, ignorance, greed, or just being at your first real rodeo? It has to be one or more of the above, logically speaking. Maybe Hagens can explain their reason to the Court on September 15, 2017, inquiring minds really want to hear it out loud. There is literally no legally justifiable excuse since they provided Spanish translation in at least one case that came after this, the Battery II Settlement which this court also has been involved in

The Ninth Circuit should be allowed to address this obvious structural defect so the class members in this and future cases won't be cheated out of their due process rights through some lawyers' negligent oversight. A bond would prevent that opportunity.

I certify under penalty of perjury of the United States that all of the above is true and accurate to the best of my knowledge.

*[Signature]*

Christopher Andrews, Pro Se Objector, PO Box 530394 Livonia, MI 48153-0394

Telephone 248-635-3810  Email: caaloa@gmail.com  August 22, 2017




## Proof of Service

I hereby certify that on this day August 22, 2107 the objector mailed this objection to the Class Action Clerk, U.S. District Court for the Northern District of California, 1301 Clay Street Oakland California 94612 per the instructions in the Long Notice via USPS Priority Mail. A copy was mailed to class counsel except for Guastafson Gluek PLLC the last letter came back due to a wrong address, the same one in their brief I am responding to, they don't even know their own address. The objector cannot waste printing off three pages, an envelope and forty nine cents when the copy is going to come right back to him like last week.

*[Signature]*

Christopher Andrews, Pro Se Objector, PO Box 530394 Livonia, MI 48153-0394

Telephone 248-635-3810 and email caaloa@gmail.com