Class Action Clerk

U.S. District Court for the

Northern District of California

1301 Clay Street

Oakland, California 94612

**In re: Edwards v. National Milk Producers Federation,**
**Case No. 4:11-cv-04766-JSW**

Judge Jeffrey S. White

- Christopher Andrews, Pro se
- Objector, non attorney
- Supplement to Response to Deny a
- Request for Appeal Bond
- September 15, 2017 at 9:00 a.m.
- Courtroom 5 on the 2nd Floor

This additional supplemental is a response to Deny Class Counsel's Request for an Appeal Bond. This supplement happens to be a copy of the objector's response to Class Counsel's filing made on August 28, 2017 at the Ninth Circuit for its Motion for Summary Affirmance. The objector mailed his attached response yesterday, September 05, 2107 to the Ninth Circuit, and it is fully incorporated into his first response requesting rejection of any bond for additional reasons listed. Exhibit 1 is Doc 432 and Exhibit 2 is Doc 446 as referenced and are not included with this supplement.

All the evidence in the record now shows reversal is in the future based on Class Counsel's and the court's errors. An appeal bond is in not in order here for all the reasons stated and would be abuse of discretion.

I certify under penalty of perjury of the United States that all of the above is true and accurate to the best of my knowledge.

*/s/ Christopher Andrews*

Christopher Andrews, Pro Se Objector, PO Box 530394 Livonia, MI 48153-0394

Telephone 248-635-3810   Email: caaloa@gmail.com   August 09, 2017

## Proof of Service

I hereby certify that on this day August 09, 2107 the objector mailed two copies of this supplement to Bond Response to the Class Action Clerk, U.S. District Court for the Northern District of California, 1301 Clay Street Oakland California 94612 via USPS Priority Mail. A copy was mailed to Hagens Berman via prepaid first class mail.

*[signature]*

Christopher Andrews, Pro Se Objector, PO Box 530394 Livonia, MI 48153-0394

Telephone 248-635-3810 and email caaloa@gmail.com

No 17-16459

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER ANDREWS,

Objector- Appellant

V.

NATIONAL MILK PRODUCERS FEDERATION; DAIRY FRAMERS OF AMERICA,; LAND O'LAKES INC,; DAIRYLEA COOPERATIVE INC., AND AGRI-MARK, INC.,

Defendants-Appellees

On Appeal from the United States District Court

For the Northern District of California, Oakland Division

The Hon. Jeffery S. White

No. 11-CV-04766 JSW consolidated with 11-CV-04791-JSW and 11-CV-02523

**Appellant Christopher Andrews's Response to Motion for Summary Affirmance**

# COPORATE DISCLOSURE STATEMENT

Appellant Christopher Andrews is an individual and not an attorney.

# TABLE OF CONTENTS

Introduction..........................................................................................6

Argument................................................................................................7

The Court Abused Its Discretion In Awarding Huge Disparate Incentive Awards..................................................................................................7

The Court Abused It's Discretion In Finding Notice Met Rule 23 Provisions Because Lack Of Spanish Notice Violates Due Process and Rule 23...........11

The Court Abused its Discretion In Awarding a 2 Multiple That Violates Supreme Court Precedent and Has Been Shown to be Excessive inthisCase..13

The Court Abused its Discretion By Not Requiring the Requested Missing and Hidden Expert Damage Reports be Made Available for Review................15

Conclusion...........................................................................................15

# TABLE OF AUTHORITIES

*Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 669 (E.D. Cal. 2008)..................9

Broussard , 155 F.3d at 338.................................................................8

*City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ............................13

*City of Burlington*, 505 U.S. at 553 and 562....................................... 14

Creative Montessori Learning Ctrs. v. Ashford Gear LLC , 662 F.3d 913, 917 (7th Cir. 2011)..................................................................................8

*Del. Valley*, 478 U.S. at 565 ...............................................................14

*Del. Valley*, 478 U.S. at 565................................................................13

*Forshee v. Waterloo Indus., Inc.*, 178 F.3d 527, 532 (8th Cir. 1999) ............14

Lobatz v. U.S. West Cellular of Cal., Inc., 222 F.3d 1142, 1147....................8

*Ontiveros*, 303 F.R.D. at 365–66; *see also Ko v. Natura Pet Prods., Inc.*, Civ. No. 09–2619 SBA, 2012 WL 3945541, at *15 (N.D. Cal. Sept. 10, 2012)..............9

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986))...........................................................................................13

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).......................13

*Perdue v. Kenny A.*, 130 S. Ct. 1662, 1669 (2010). ................................14

*Perdue*, 559 U.S. at 553, 557-59. ......................................................14

Radcliffe v. Experian Info. Solutions , 715 F.3d 1157 (9th Cir. 2013)............10

*Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013).9

*Radcliffe*, 715 F.3d at 1165................................................................10

*Staton*, 327 F.3d at 977–78...........................................................10,11

*Wolph v. Acer America Corporation*, No. C 09–01314 JSW, 2013 WL 5718440, at

*6 (N.D. Cal. Oct. 21, 2013)..................................................................9

**Statutes, Rules, Regulations**

23(a)(4)..................................................................................................7

23(g)(4)..................................................................................................8

**OTHER AUTHORITIES**

William B. Rubenstein, *Newberg on Class Actions* § 15:50 (5th ed. 2011).....14

## Introduction

Class Counsel filed their motion with the court on August 28, 2017, mailed a printed copy to the appellant on that same day in an unsealed envelope and it was received on September 01, 2017. This is appellant's first time dealing with Summary Affirmance and he expects to win but some quick background first. The objector/ appellant has objected to approximately ten class actions over the past decade and helped recover $40.8 million for the classes over that time frame. Lawyers and some judges don't like him because the appellant files extremely detailed objections encompassing dozens of pages, they refuse to pause and fix the material issues so they don't do their jobs properly, like in this case and an objection and now an appeal is filed. Examples of that kind of objection and supplements are attached which attempt to fix a broken system, one case at a time. Mr. Berman failed to disclose that this appellant has filed pending appeals in two other cases with his firm, some with many of the same errors and more and has been educating them on the proper way to construct a proper legal settlement over the past year. The first disk case has been fully briefed at the Ninth, the first battery case is partially briefed at the Ninth and this one at the beginning stages, all because no one wants to pause and fix the reversible issues. Appellant expects to win every appeal filed now and in the future, the errors are that bad.

The foam case comments Mr. Berman referenced has been fully briefed at the 6th Circuit. The appellant was 75% responsible for a reversal win at the 6th Circuit in Shane vs. Blue Cross. The appellant is not a professional or serial objector.

Class Counsel and the court ran into material reversible issues due to Class Counsel's gross negligence, greed and being at their first real rodeo with a highly qualified objector. Instead of pausing to fix the reversible errors pointed out by the appellant, the issues are downplayed as trivial and approval erroneously made. People can't help but be more welcoming of information that confirms their biases than facts that challenge them, like in this case, meaning bad case law and approvals are never a good thing. Class Counsel has apparently uttered to themselves via their motion "Hannibal ante portas" ("Hannibal is at the gates!")

## Argument

### The Court Abused Its Discretion In Awarding Huge Disparate Incentive Awards.

The Incentive Awards created a conflict of interest for the named plaintiffs and precludes certification of the class under Rule 23(a)(4).

In this settlement individual named class representatives received incentive awards of $5,000.00 each and the attorneys receive $13,000,000.00. The unnamed individual class members on the other hand were supposed to receive an estimated

$30.00 or so according to the Long Notice which is 16,650 % less than the named

individual class members can receive ($30.00 x 16,650% is $5,000.00)

Unnamed individual class members actually received just $6.79 or 73,000% less

then named individual class members received. ($6.79 x 73,000% is $5,000.00)

The main beneficiaries of this settlement are the attorneys and named plaintiffs.

There is a tremendous question of Rule 23(a)(4) adequacy: were the class

representatives and counsel in this case acting in the best interests of the class, or

in the best interests of class counsel?

Plaintiffs cannot satisfy the 23(a)(4) and (g)(4) adequacy inquiries. See Lobatz v.

U.S. West Cellular of Cal., Inc., 222 F.3d 1142, 1147 (9th Cir. 2000) (if "class

counsel agreed to accept excessive fees and costs to the detriment of class

plaintiffs, then class counsel breached their fiduciary duty to the class."); Creative

Montessori Learning Ctrs. v. Ashford Gear LLC , 662 F.3d 913, 917 (7th Cir.

2011) (counsel must show the district court that "they would prosecute the case in

the interest of the class . . . rather than just in their interests as lawyers who if

successful will obtain a share of any judgment or settlement as compensation for

their efforts."). The class must be decertified if there is anything less than

"undivided loyalties." Broussard , 155 F.3d at 338. At a minimum, the settlement

must be rejected as unfairly dividing the constructive common fund.

To justify an incentive award, a class representative must present "evidence demonstrating the quality of plaintiff's representative service," such as "substantial efforts taken as class representative to justify the discrepancy between [his] award and those of the unnamed plaintiffs." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 669 (E.D. Cal. 2008).

The Ninth Circuit has emphasized that "district courts must be vigilant in scrutinizing all incentive awards." *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (internal quotation marks and citation omitted).

In particular, district courts have declined to approve incentive awards that represent an unreasonably high proportion of the overall settlement amount, or that are disproportionate relative to the recovery of other class members. *See Ontiveros*, 303 F.R.D. at 365–66; *see also Ko v. Natura Pet Prods., Inc.*, Civ. No. 09–2619 SBA, 2012 WL 3945541, at *15 (N.D. Cal. Sept. 10, 2012) (holding that an incentive award of $20,000, comprising one percent of the approximately $2 million common fund was "excessive under the circumstances" and reducing the incentive award to $5,000); *Wolph v. Acer America Corporation*, No. C 09–01314 JSW, 2013 WL 5718440, at *6 (N.D. Cal. Oct. 21, 2013) (reducing the incentive award to $2,000 where class representatives did not demonstrate great risk to finances or reputation in bringing the class action). Courts have reasoned that overcompensation of class representatives could encourage collusion at the

settlement stage of class actions by causing a divergence between the interests of the named plaintiff and the absent class members, thus jeopardizing adequacy of class representatives. *See Staton*, 327 F.3d at 977–78; *see also Radcliffe*, 715 F.3d at 1165 (noting that unreasonably high incentive awards can destroy adequacy of class representatives).

The Ninth Circuit has disavowed these types of disproportionate incentive awards. See Radcliffe v. Experian Info. Solutions , 715 F.3d 1157 (9th Cir. 2013). The Ninth Circuit determined that incentive awards conditioned upon endorsement of the settlement proposed were impermissible. But more than that, "the significant disparity between the incentive awards and the payments to the rest of the class members further exacerbated the conflict of interest caused by the conditional incentive awards." Id . at 1165. "There is a serious question whether class representatives could be expected to fairly evaluate whether awards ranging from $26 to $750 is a fair settlement value when they would receive $5,000 incentive awards." Id . As the disparity here is similar—$5,000 per representative, at most $60.00per class member—the logic of Radcliffe applies just as forcefully. In such situations there is a well-founded fear that named representatives will be "more concerned with maximizing [their own gain] than with judging the adequacy of the settlement as it applies to class members at large." Id. (quoting Staton , 327 F.3d

at 977). (Staton had also repudiated disproportionate incentive awards). See Exhibit 1 pg 44, Exhibit 2 pg 13-17

**The Court Abused It's Discretion In Finding Notice Met Rule 23 Provisions Because Lack Of a Spanish Notice Violates Due Process and Rule 23**

The court wrote "The court overrules Andrews's objection that notice was not provided in Spanish because a toll-free automated telephone support line did provide notice in both English and Spanish." Doc 485 page 6 at 28 and page 7 at 1.

Using that explanation why post even an English notice if a telephone support line is available? Rule 23 notice provisions have been violated. The appellant highly doubts that millions of individuals speaking only Spanish, who can't understand or read English, will stay on the line for 10 min while the support person reads the entire notice in Spanish to him or her and answer numerous questions and illegally provides legal advice. (It took the appellant 10 min and 19 seconds to read the notice in English) What about the claim form? How does one fill that out if they can't read and understand it? It has not been shown in the record that any form was ever printed in Spanish, that Class Counsel was prepared to read the notice to each person who needed translation or that documents were available in Spanish to be mailed out. If they had the documents available to mail out in Spanish why not post them on line in Spanish? They were not available in Spanish that's why.

Imagine in a class action settlement where it has been shown that millions speak Spanish but there is no Spanish version of the important documents. Exhibit 2 pg's 20-21and pg's 27-30, Doc 446 pg's 13-17

Common sense alone says there should be a Spanish translation of important documents, yet, there that there is no Spanish Notice, Claim Form, Opt Out Form, est. Now also imagine if providing these documents translated into Spanish would cost almost nothing to post to the website. It is done routinely in class actions across the country. There is literally no legally justifiable excuse not to include Spanish translation. Class Counsel provided Spanish translation in at least one case that came after this, the Battery II Settlement in this district which the district court also has been involved in by making at least one written ruling in that case. See https://www.reversethecharge.com/documents.

A total of 5,326,521 unnamed individual class members only speak Spanish, so they can't read English, cannot read the website, the Long Notice, the Claim Form, Opt out information, they were forced to give up their rights, release the defendants from all damages and all for zero compensation. Writing off 5 million people because they speak Spanish only and can't even read English violates due process and violates Rule 23 Notice provisions so it's abuse of discretion and a gross miscarriage of justice to ignore this issue. See Exhibit 3.

Class Counsel simply forgot, the thought never crossed their mind to provide a simple tab to click on to change the English Notice and Claim Form to Spanish for the tens of millions of class members who speak Spanish in the class states and for millions of them who can't read or speak English, it's actually malpractice.

**The Court Abused its Discretion In Awarding a 2 Multiple That Violates Supreme Court Precedent**

This case was hand delivered to Class Counsel and the court provided an undeserved windfall to Class Counsel. The evidence presented by the appellant clearly shows an artificially inflated hourly rates and expense scheme to cheat the class which the court failed to properly address and did not ask Class Counsel a single question about this evidence in that two hour Fairness Hearing or in it's opinion.

When a court applies the lodestar method to award fees in a class action case that involves a fee-shifting statute, there is "a 'strong presumption' that the lodestar represents the 'reasonable' fee," for class counsel's work. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Any "upward adjustments of the lodestar figure are . . . permissible . . . only in certain 'rare' and 'exceptional'" circumstances, *Del. Valley*, 478 U.S. at 565, typically involving "superior attorney performance," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *see also*

William B. Rubenstein, *Newberg on Class Actions* § 15:50 (5th ed. 2011). This is not an exceptional case at all, the case brought to their doorstep.

The party requesting an enhancement to the lodestar carries the burden to show that a multiplier is necessary to reach a fair and reasonable fee award. *Id.* at 553; *City of Burlington*, 505 U.S. at 562. That party must produce "specific evidence on the record" supporting the enhancement. *Del. Valley*, 478 U.S. at 565 (internal quotation marks and citation omitted). Further, to ensure that the calculation "is objective and capable of being reviewed on appeal," a district court must provide detailed findings justifying any enhancement to the lodestar. *Perdue*, 559 U.S. at 553, 557-59. Class Counsel did not do this in fact they artificially inflated their hourly rates making any cross check and thus the award legally invalid.

In any event, any multiplier is not appropriate here. The Supreme Court has established a "strong presumption that the lodestar is sufficient" without an enhancement multiplier. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1669 (2010). A lodestar enhancement is justified only in "rare and exceptional" circumstances where "specific evidence" demonstrates that an unenhanced "lodestar fee would not have been adequate to attract competent counsel." *Id.* at 1673; *accord Forshee v. Waterloo Indus., Inc.*, 178 F.3d 527, 532 (8th Cir. 1999) (noting that only in "rare" and "exceptional" cases, "counsel may be entitled to a multiplier to reward

them for taking on risk and high quality work"). "[T]he burden of proving that an enhancement is necessary must be borne by the fee applicant." *Id.*

This case was low risk, contains inflated rates and expenses as shown and is abuse of discretion. Exhibit 1pg 30-37, 48b, Exhibit 2 pg 7-11, 17-27, Exhibit 2 is 8 pages at end of Exhibit 2, Exhibit 3, 1-7, and Exhibit 4, nine pages also end of 2.

### Missing Expert Damage Reports Unavailable and Hidden

The appellant does not include his motion Doc 453 to unseal records for the damage report due to space and time issues. He does raise the issue though in Exhibit 1 page 11 towards bottom and Exhibit 2 page 5 -7. The class has a right to see and read the damage reports ourselves, just the judge seeing it is not enough. It was sealed illegally; the appellant and 72 million other class members' due process rights have been violated.

### CONCLUSION

The Ninth Circuit should reject counsel's motion as premature based on the material issues raised in the objections and supplements, some of which the appellant does not have the page length to write about now, that remain unresolved and require accurate briefing to be properly evaluated that will result in reversal.

I certify that all the information above is true and accurate to the best of my ledge.

*/s/ Christopher Andrews/*

Christopher Andrews, Pro se Objector, PO Box 530394 Livonia, MI 48153-0394

Telephone 248-635-3810 Email: caaloa@gmail.com September 05, 2017.

# Proof of Service

I hereby certify that on this day September 05, 2017 the objector/appellant mailed four copies of this Response to Motion for Summary Affirmance and four copies of the three exhibits to the Clerk of the Court at the 9th Circuit via USPS Priority Mail and sent a copy to Hagens, Berman via first class prepaid mail.

*Christopher Andrews*

Christopher Andrews, Pro se objector. Executed on September 05, 2017

        Christopher Andrews
        PO Box 530394
        Livonia, MI 48153-0394
        Telephone 248-635-3810
        Email: caaloa@gmail.com
        Pro se Appellant

## Certificate of Compliance

This response brief com-lies with the type-volume limitation of Federal Rule of Appellate procedure, Ninth Circuit Rules, Rules 27-1(1)(d) because it does not exceed the designated ten page limit. (Pages 6 -15)

This brief complies with the typeface requirements of Federal Rule of Appellate procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a))6) because this brief has been prepared in a proportionally spaced typeface because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14-point Times Roman type.

Christopher Andrews
PO Box 530394
Livonia, MI 48153-0394
Telephone 248-635-3810
Email: caaloa@gmail.com
Pro se Appellant