United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW EDWARDS, et al.,

              Plaintiffs,

     v.

NATIONAL MILK PRODUCERS
FEDERATION, et al.,

            Defendants.

Case No. 11-cv-04766-JSW

[consolidated with 11-CV-04791-JSW
and 11-CV-05253-JSW]

**ORDER GRANTING IN PART AND
DENYING IN PART OBJECTORS'
MOTION FOR ATTORNEYS' FEES,
COSTS, AND INCENTIVE AWARDS;
DENYING MOTION TO PROCEED IN
FORMA PAUPERIS; GRANTING
MOTION FOR BOND; AND DENYING
AS MOOT MOTION TO APPEAR BY
TELEPHONE**

Re: Dkt. Nos. 488, 496, 505, 510

Now pending are: (1) a motion for attorneys' fees, costs, and incentive awards by
Objectors Joshua D. Holyoak and Michael Antonio O'Brian; (2) a motion to proceed on appeal in
forma pauperis ("IFP") by Objector Christopher Andrews; and (3) Plaintiffs' motion to require
Objectors Andrews, Pamela A. Sweeny, and Conner Erwin to post an appeal bond. The Court has
considered the parties' papers, the objections received, the responses to those objections, relevant
legal authority, and the record in this case, and finds all pending motions suitable for disposition
without oral argument. *See* N.D. Civ. L.R. 7-1(b).[1] For the reasons set forth in this order, the
Court GRANTS IN PART AND DENIES IN PART the motion of Holyoak and O'Brien for fees,
costs, and incentive awards; DENIES the motion of Andrews to proceed IFP; and GRANTS
Plaintiffs' motion to require the posting of an appeal bond.

---

[1] The Court vacated the hearings on the pending motions via Clerk's Notices on August 8, 2017
and September 11, 2017.  Accordingly, the Court DENIES AS MOOT the motion by Andrews to
appear by telephone at the hearing on the motion to post the appeal bond.  (Dkt. No. 510.)

**ANALYSIS**

**A.      Motion of Holyoak and O'Brian for Fees, Costs, and Incentive Awards**

Objector Holyoak sees an award of attorneys' fees of $70,000.  Objector O'Brian seeks attorneys' fees of $70,000, expenses of $1432.03, and an incentive award of $5000.  Both Objectors request that the collective total of $146,432.03 be paid by class counsel from the original fee award, not from the portion of the common fund remaining for the class.

Attorneys for objectors may be entitled to attorneys' fees from the common fund created by class action litigation if their objections result in an increase to the common fund.  *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012).  The objectors' work must increase the fund or otherwise substantially benefit class members in an amount worth more than the fee they are seeking; minor procedural changes in the settlement agreement are not enough to create an entitlement to fees.  *Id.*  The Court may "deny fees to objectors whose work is duplicative, or who merely echo each others' arguments and confer no unique benefit to the class."  *Id.* at 658-59.

In this case, the Court's own review would likely have resulted in a fee award to class counsel that was lower than the amount sought.  The Objectors could not have been certain of this, however, much less of the specific issues that would weigh with the Court.  *See Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) ("objectors must decide whether to object without knowing what objections may be moot because they have already occurred to the judge").  The Court noted the issue of class counsel's stated intention to "seek attorneys' fees substantially in excess of the Ninth Circuit's 'benchmark percentage' of 25%" in the August 22, 2016 order regarding the motion for preliminary approval, in which the Court suggested the addition of further information regarding the fee award to the Legal Notice of Settlement.  (Dkt. No. 426, at 3-4.)  This should have provided potential objectors with some indication that the Court would be "focused" on that question once the motion and supporting documentation was filed.  At that time, however, the motion for attorneys' fees had not yet been filed, and the Objectors  (and indeed, the Court itself) could not have known what specific issues the Court would address sua sponte after review of the fee motion.

Moreover, the quality of work by these two Objectors stood out among the other objections

1    received by the Court in providing an adversarial presentation of the issues supported by helpful

2    citations to relevant authority.  In particular, although the Court overruled Holyoak's objections

3    that Plaintiffs' litigation expenses should be included in the numerator when calculating the

4    percentage of recovery, the calculations and authority provided by Holyoak's counsel were helpful

5    to the court in cross-checking the decision of what fee award would be reasonable.  The legal

6    authority provided by Holyoak in connection with his argument that this is an extraordinarily large

7    common fund case was also helpful to the Court in reviewing the issues, even though the Court

8    ultimately found that this is not, strictly speaking, a megafund case.  Additionally, Holyoak's

9    objection regarding the end date for class membership and O'Brian's objections regarding the

10   breadth of the release and the lack of information available to the class about the possible size of

11   distributions, while ultimately overruled, resulted in clarifications related to those issues that were

12   helpful to the Court.  The Court finds, therefore, that an award of attorneys' fees to counsel for

13   Holyoak and O'Brian is appropriate in this case.

14          The Court turns next to the amount of the fees.  The settlement fund in this case was $52

15   million.  Class Counsel requested a fee award of $17,333,333, plus expenses and service awards,

16   cross-checking to a 2.7 multiplier of counsel's lodestar of $6,470,731.  After ruling on the

17   objections, the Court awarded attorneys' fees of $13 million, plus expenses and service awards,

18   cross-checking to a multiplier of less than 2.01.  As discussed above, Objector Holyoak's work

19   contributed in some measure to the savings to the class of $4,333,333 and both Objectors' work

20   contributed to the Court's analysis of other aspects of the settlement.  The $140,000 fees that they

21   seek, combined, are approximately 3.23 percent of the savings to the class.

22          In determining the proper amount of the fees, the Court considers the same factors

23   previously considered in connection with class counsel's fee award.  When evaluating whether the

24   percentage sought by counsel is reasonable, the Court considers factors including: (1) the results

25   achieved; (2) the risk involved with the litigation; (3) the skill required and quality of work by

26   counsel; (4) the contingent nature of the fee; and (5) awards made in similar cases.  *Vizcaino v.*

27   *Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).  When, as here, a benchmark percentage

28   recovery for Objectors' counsel would be significantly too large in light of the hours devoted to

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   the case and the substantive contribution of the objections, the benchmark percentage should be

2   adjusted or replaced by the lodestar calculation. *See In re Apple Inc. Sec. Litig.*, No. 06-cv-05208-

3   JF, 2011 WL 1877988, at *5 (N.D. Cal. May 17, 2011) (citing *Wininger v. SI Management L.P.*,

4   301 F.3d 1115, 1127 (9th Cir. 2002)). In determining the appropriate multiplier, if any, on a

5   lodestar calculation, the Court may consider factors that include: (1) the amount involved and the

6   results obtained; (2) the time and labor required; (3) the novelty and difficulty of the questions

7   involved; (4) the skill requisite to perform the legal service properly; (5) the preclusion of other

8   employment by the attorney due to acceptance of the case; (6) the customary fee; (7) the

9   experience, reputation, and ability of the attorneys; and (8) awards in similar cases. *In re*

10   *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011).

11      Holyoak documents a lodestar of $43,542.50 for his counsel's work on this case. In

12   requesting a fee award of $70,000, Holyoak therefore seeks a 1.6 multiplier of his attorneys'

13   lodestar, an amount lower than class counsel's multiplier. This number is appropriately

14   proportional to the lesser degree of risk taken on by Holyoak in comparison to class counsel, the

15   lesser degree of novelty of the issues addressed at the settlement and attorneys' fees stage of this

16   case compared with earlier proceedings, and the shorter time period over which the work was

17   performed, but fair given Holyoak's contributions to the Court's analysis and the skillful work

18   performed by his attorneys. The Court will grant Holyoak's motion for attorneys' fees in the

19   amount of $70,000.

20      O'Brian documents a lodestar of $29,911.40, so his counsel's request for $70,000 results in

21   a 2.3 multiplier, higher than the multiplier requested by Holyoak or that awarded to Class Counsel.

22   Like Holyoak, O'Brian's work at the settlement stage involved less risk and novelty than the

23   complex antitrust issues raised earlier in this case, and was performed over a shorter time period.

24   The Court also notes that in comparison to Holyoak, O'Brian presented objections that were less

25   helpful to the Court and contributed less directly to the benefit to the class, as discussed in the

26   Court's order overruling those objections. In particular, the Court did not rely significantly on

27   O'Brian's analysis of Class Counsel's fee motion. Courts "generally do not award objectors

28   attorneys' fees where the 'court did not rely on the Objectors' arguments in issuing its decision.'"

*In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 07-cv-05634 CRB, 2015 WL 4776946, at *1 n.1 (N.D. Cal. Aug. 13, 2015) (quoting *Rose v. Bank of Am. Corp.*, No. 11-cv-02390 EJD, 2015 WL 2379562, at *2 (N.D. Cal. May 18, 2015)).   In light of the significantly lesser degree to which the Court relied upon O'Brian's arguments, the Court finds that O'Brian's request for a multiplier of 2.3 is disproportionate and unreasonable.   The Court will grant O'Brian's motion in part, awarding him fees of $29,911.40 with no multiplier, either upward or downward.   *Cf. id*. at *2 (awarding a fee award of less, "but not considerably less," than the objector's multiplier where the objector conferred a substantial benefit to the class on one issue but also raised other issues that conferred no benefit to the class).

O'Brian also requests reimbursement for expenses in the amount of $1,432.03, which the Court will grant, and an incentive award of $5000 for himself, which the Court will grant only in part.   The class representatives who received $5000 each in this case assisted counsel over the course of many years, spending many hours responding to written discovery and sitting for depositions, among other contributions.   O'Brian, on the other hand, does not contend that he was required to participate in any discovery.   His contributions to the case were limited to a short period of time during which he primarily consulted with his lawyer about strategy and stayed apprised of case developments, taking an interest in part as an attorney himself.   He did, however, face ad hominem attacks relating to his motivation for participating in the litigation.   Balancing these factors and comparing O'Brian's contribution in this case to that of the named Plaintiffs, the Court will grant his request for an incentive award in part, and award him $250 in recognition of his willingness to serve and the benefit of his participation.   *See Hendricks v. Starkist Co*., No. 13-cv-00729-HSG, 2016 WL 5462423, at *16 (N.D. Cal. Sept. 29, 2016) (noting that incentive award to objector would reduce the funds available to other class members).

Finally, the Objectors request that any attorneys' fee award to them should be paid by class counsel, rather than the class.   In the exercise of discretion, the Court will deny this request.   The award of fees, costs, and incentive award to the Objectors' counsel shall be paid from the remainder of the administrative costs portion of the settlement fund.   *See In re Transpacific Passenger Air Transportation Antitrust Litig*., No. 07-cv-05634-CRB, 2015 WL 4776946, at *2

United States District Court
Northern District of California

1  (N.D. Cal. Aug. 13, 2015) ("Courts in this circuit 'commonly award objectors fees and expenses

2  from the common fund.'").  This is not a case where class counsel's conduct of the settlement led

3  directly to the need for objectors to intervene, given that the fee award requested by class counsel

4  would have been within the Court's discretion and that the settlement negotiated by class counsel

5  was fair and reasonable.  *Compare Hendricks*, 2016 WL 5462423, at *16.

6  **B.      In Forma Pauperis Status on Appeal**

7        On July 17, 2017, Objector Andrews timely filed a notice of appeal, which was assigned

8  Ninth Circuit Appeal No. 17-16459.  On July 18, 2017, Andrews filed an application in this Court

9  to proceed IFP on appeal, including the required affidavit demonstrating indigency under penalty

10  of perjury.  *See* 28 U.S.C. § 1915(a)(1).

11        Objector Sweeney filed a notice of appeal on July 24, 2017, which was assigned Ninth

12  Circuit Appeal No. 17-16541.  Sweeney has not filed a motion to proceed IFP either in this Court

13  or in the Ninth Circuit, but the Ninth Circuit docket reflects that the filing fee for her appeal has

14  not been paid.

15        The Court denies IFP status only if every issue presented by an appeal is plainly frivolous.

16  *See, e.g.*, *Ellis v. United States*, 356 U.S. 674, 674-75 (1958) ("The good-faith test must not be

17  converted into a requirement of a preliminary showing of any particular degree of merit.");

18  *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) ("If at least one issue or claim

19  is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the

20  case as a whole."); *cf. Nietzke v. Williams*, 490 U.S. 319, 329, 331 (1989) ("not all unsuccessful

21  claims are frivolous").

22        The Court overruled Andrews and Sweeney's objections to the settlement and fee award

23  for the reasons explained in the Court's June 26, 2017 order.  Although the participation of these

24  Objectors in the settlement process was appreciated by the Court, the Court finds that each of their

25  appeals fails to raise non-frivolous issues for the reasons explained in the Court's prior order and

26  in Class Counsel's briefing on the pending motions.  The Court therefore will deny Andrews'

27  motion to proceed IFP and will certify that the Court also finds that Sweeney fails to raise non-

28  frivolous issues on appeal pursuant to 28 U.S.C. § 1915(a)(3).

**C.      Plaintiffs' Motion to Require Posting of Appeal Bond.**

Finally, the Court turns to Plaintiffs' motion for an order under Federal Rule of Appellate Procedure 7 requiring the posting of a $1,000.00 appeal bond by objectors Erwin, Andrews, and Sweeney.  That rule provides:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.  Rule 8(b) applies to a surety on a bond given under this rule.

Fed. R. App. P. 7.

Although Rule 7 does not define the term "costs," the Ninth Circuit has held that, as used in that rule, the term includes those costs specified in Federal Rule of Appellate Procedure 39 as well as "all expenses defined as 'costs' by an applicable fee-shifting statute, including attorneys' fees."  *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007).  There is no request for the bond to include anticipated attorney's fees in this case.  Rule 39 provides that:

> The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;
>
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
>
> (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e).

The purpose of an appeal bond is to protect an appellee against the risk of nonpayment by an unsuccessful appellant.  *Fleury v. Richemont N. Am., Inc.*, No. 05-cv-04525 EMC, 2008 WL 4680033, at *6 (N. D. Cal. Oct. 21, 2008).  In determining whether to impose an appeal bond, courts in the Northern District of California consider the following factors: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the costs if he loses the appeal; and (3) an assessment of the likelihood that the appellant will lose on appeal and thus be liable for costs."  *Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2015 WL 4240804, at *3 (N.D. Cal. July 13, 2015) (citing *Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 Fed. App'x

670 (9th Cir. 2013)).  The "question of the need for a bond, as well as its amount, are left in the discretion of the trial court." *Fleury*, 2008 WL 4680033, at *6 (citing 1979 Advisory Committee Note to Fed. R. App. P. 7); *see also Jeon v. 445 Seaside, Inc.*, 637 Fed. Appx. 378, 379 (9th Cir. Feb. 22, 2016) (Mem.) ("The determination of the amount of a bond necessary to ensure payment of costs on appeal is left to the discretion of the district court[.]") (citing *Azizian*, 499 F.3d at 955).

On September 6, 2017, Erwin filed a motion for voluntary dismissal of his appeal, Ninth Circuit No. 17-16456.  Accordingly, the Court will deny the motion to require Erwin to post a bond without prejudice to renewal in the event that Erwin's appeal is not dismissed.

Objector Andrews opposes the motion for a bond in any amount.  He submitted a response to the motion (Dkt. No. 511), an unauthorized sur-reply (Dkt. No. 515), and a further supplement providing this Court with a copy of his response to a motion for summary affirmance filed in the Ninth Circuit (Dkt. No. 516), all of which the Court has considered in the exercise of discretion in light of the liberal standard for reviewing pro se filings.  Objector Sweeney has not responded to the motion.  The Court addresses the motion as to Andrews and Sweeney below.

### 1.      Appellants' Financial Ability to Post a Bond.

The first factor that the Court considers is each appellant's financial ability to post a bond. This factor "generally weighs in favor of a bond unless a party is financially unable to post a bond." *Padgett*, 2015 WL 4240804, at *3 (citing *Fleury*, 2008 WL 4680033, at *7).

Because Sweeney has neither opposed the motion for a bond nor filed a motion to proceed IFP, the Court's only information regarding her financial condition was submitted by Plaintiffs. Plaintiffs state that Sweeney's husband is a practicing attorney, and submit the Wisconsin State Bar profile for an attorney named Patrick S. Sweeney.  (Byszewski Decl. ISO Motion to Require Bond, ¶ 4 & Ex. B, Dkt. No. 505-1.)  Plaintiffs do not explain how they are sure that this individual, whose business address differs from Objector Sweeney's address of record, is her husband, and the Court gives little weight to this evidence.  Sweeney, however, has not submitted any evidence that she is financially unable to post a bond.  Therefore, this factor weighs in favor of a bond as to Sweeney, as in most cases.

Andrews, on the other hand, has submitted a motion to proceed IFP, under penalty of

United States District Court
Northern District of California

perjury.  Among other information, he states that his average monthly income is $1,433.00, including $25 per month in public assistance.  He further attests that his monthly expenses are also $1433.00.  In his sur-reply, Andrews adds that at this time he cannot pay a bond in any amount, but will attempt to earn money and set that aside for a bond in the future.  Plaintiffs submitted excerpts of deposition testimony by Andrews, in which he states that he is self employed in the field of sales, and sells advice to individuals or businesses considering the installation of a security system.  (Byszewski Decl. ISO Motion to Require Bond, ¶ 3 & Ex. A, Dkt. No. 505-1.)  The Court finds that Andrews has shown that he has limited financial means available for the purpose of posting an appeal bond.  However, the Court considers not only whether Andrews currently possess sufficient assets to post a bond, but whether he can qualify for a bond in the amount imposed, and in light of Andrews' profession and income finds that Andrews does have the ability to qualify for and post a bond.  *See Keller v. National Collegiate Athletic Association*, No. 09-cv-01967-CW, 2015 WL 6178829, *3 (N.D. Cal. Oct. 21, 2015).

### 2.  The Risk that Appellants Would Not Pay the Costs if They Lose the Appeal.

The Court turns next to the risk that Appellants would not pay the costs if they lose on appeal.  Courts have recognized the difficulty and risk associated with collecting costs from appellants who live out-of-state or outside of the Ninth Circuit.  *See Padgett*, 2015 WL 4240804, at *3 (citing cases).  Both Andrews and Sweeney live outside of the Ninth Circuit, Andrews in Michigan and Sweeney in Wisconsin.  Absent any other information regarding the risk that Appellants would not pay the costs if they lose on appeal, the Court finds that this factor weighs slightly in favor of requiring a bond as to both Andrews and Sweeney.

### 3.  The Likelihood that Appellants Will Lose on Appeal.

The final factor for the Court to consider is an assessment of the likelihood that Appellants will lose on appeal and thus be liable for costs.  The Court has found that both Objectors' appeals fail to raise any non-frivolous issues.  It is very likely that Appellants will lose on appeal and will thus be liable for costs.  This third factor therefore weighs heavily in favor of requiring a bond for both Appellants.

United States District Court
Northern District of California

### 4.      The Amount of the Bond.

Considering together all three factors of this District's test, the Court finds that imposition of a bond in some amount is appropriate under Rule 7.  The Court therefore turns to the amount of the bond, which, as discussed above, is tied to anticipated appellate costs.  *See, e.g.*, *Keller*, 2015 WL 6178829 **1-2.  Plaintiffs submit a declaration under penalty of perjury stating that they conservatively estimate that the costs they would stand to recover as the prevailing party on these appeals warrant a bond of $1000 per Appellant.  Despite, and fully considering, Andrews' limited means, the Court finds that a bond of $1000 per Appellant is reasonable for this appeal, given the size of the record.  *See* Fed. R. App. P. 7; *see also* Fed. R. App. P. 39(e).  Accordingly, Mr. Christopher Andrews is required to file a bond of $1000 to pursue Appeal No. 17-16459 .  Ms. Pamela A. Sweeney is required to file a bond of $1000 to pursue Appeal No. 17-16541.  These bond amounts shall remain unchanged if the appeals are consolidated.  To permit Andrews time to make the necessary arrangements to post a bond, each appellant shall post the required bond with the Clerk of Court to be deposited into the Court's Registry by no later than December 1, 2017.

### CONCLUSION

For the reasons set forth in this order, the Court rules as follows.

The Court GRANTS IN PART AND DENIES IN PART the motion for attorneys' fees, costs, and incentive awards by Objectors Holyoak and O'Brian (Dkt. No. 488).  It is hereby ordered that counsel for Holyoak be awarded attorneys' fees in the total amount of $70,000 and counsel for O'Brian be awarded attorneys' fees in the total amount of $29,911.40 from the remainder of the administrative costs portion of the settlement fund.  The Court also orders that O'Brian's counsel be reimbursed for expenses incurred in the amount of $1432.03.  Finally, the Court awards that an incentive award be made in the amount of $250 to Objector O'Brian.

The Court DENIES the motion to proceed IFP on appeal by Objector Andrews (Dkt. No. 496).  The Court also CERTIFIES that an appeal by Objector Sweeney is frivolous under 28 U.S.C. § 1915(a)(3).

The Court GRANTS Plaintiffs' motion to require Objectors Andrews, Sweeney, and Erwin to post an appeal bond (Dkt. No. 505).  Mr. Christopher Andrews is required to file a bond of

$1000 to pursue Appeal No. 17-16459.  Ms. Pamela A. Sweeney is required to file a bond of $1000 to pursue Appeal No. 17-16541.  These bond amounts shall remain unchanged if the appeals are consolidated.  Each appellant shall post the required bond with the Clerk of Court to be deposited into the Court's Registry by no later than December 1, 2017.

The Court DENIES AS MOOT the motion by Objector Andrews to appear by telephone at the hearing on the motion to post the appeal bond (Dkt. No. 510).

**IT IS SO ORDERED.**

Dated: September 13, 2017

JEFFREY S. WHITE
United States District Judge