Class Action Clerk

U.S. District Court for the

Northern District of California

1301 Clay Street

Oakland, California 94612



In re: Edwards v. National Milk Producers Federation,
Case No. 4:11-cv-04766-JSW

Judge Jeffrey S. White

Christopher Andrews, Pro se

Objector, non attorney

**NOTICE OF APPEAL OF THE DENIAL TO PROCEED IN FORMA PAUPERIS AND GRANTING OF APPEAL BOND Doc 519**

## Notice of Appeal

Notice is hereby given that Class Member Christopher Andrews, Pro Se, non attorney, appeals to the United States Court of Appeals for the Ninth Circuit from the Final Order GRANTING IN PART AND DENYING IN PART OBJECTORS' MOTION FOR ATTORENY FEES, COSTS, AND INCENTIVE AWARDS; DENYING MOTION TO PROCEED IN FORMA PAUPERIS: GRANTING MOTION FOR BOND; AND DENYING AS MOOT TO APPEAR BY TE;EPHONE (DOC 519) (Re: Dkt. Nos. 488, 496, 505 and 510) entered on September 13, 2017 and any order or judgment naming or identifying this objector or the objection filed by this objector, including any entered or signed subsequent to this notice of appeal.

The issues that will be raised in the appeal are the Motion Denying In Forma Pauperis and Granting the Appeal Bond.

The issue appears to be in denying the motion granting in forma pauperis is not that the objector can't afford the fee (which is excessive, he clearly cannot pay it because his low income equals his low, bare bone expenses) but rather the issues raised in the notice of appeal and response for Summary Affirmance are meritless and/or frivolous so in forma was denied by default instead. The granting of the appeal bond is also an error because since the bond is excessive it also creates an impermissible barrier to appeal under Supreme Court and Ninth Circuit guidelines.

Taking just one issue, the violation of Rule 23 and denying due process to over 5 million class members who can't read English, is illegal and abuse of discretion by the court when it ruled in the approval that it was not an error to not have a translated Spanish Notice or a simple tab to change the English Notice into Spanish on the website because a toll free number was available. Class Counsel plum forgot about and the court won't order a fix at this late stage, which it should, it's that simple so the appeal is not meritless or frivolous. The court is absolutely wrong and this and other issues should be addressed by the Ninth Circuit and not illegally blocked to prevent reversal.

The court is absolutely wrong and that is not a harmless error. Harmless errors are those that "do not affect the substantial rights of the parties." 28 U.S.C. § 2111; *see also* Fed. R. Civ. P. 61. An error affects a party's substantial rights when it is prejudicial, "which means that there must be a reasonable probability that the error affected the outcome of the [proceeding]." *United States v. Marcus*, 560 U.S. 258, 262 (2010).

The court's order has the effect of creating an impermissible barrier to appeal. Appeals are a matter of right. *In re American President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) (*citing Coppedge v. United States*, 369 U.S. 438, 441-442 (1962)). "Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." *Id.* (*citing North Carolina v.*

*Pearce*, 395 U.S. 711, 724 (1969) ("[a] court is without right to . . . put a price on an appeal. A party's exercise of a right of appeal must be free and unfettered" (internal quotation and citation omitted)). *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"). *See also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." (*quoting Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998), *cert denied*, 525 U.S. 875 (1998)).

The merits of an appeal are decided by the appellate court and cannot be shortcircuited by a district court that disapproves of the appeal. *In re American Presidential Lines*, 779 F.2d 714, 717 (D.C. Cir. 1985) *Vaughn v. American Honda Motor Co., Inc.*, 507F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell*, 496 U.S. 384, 407 (1990).1 Thus, "A district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review." *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012). "[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.") (quoting *Clark v. UniversalBuilders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)). *Azizian*, 499 F.3d at 961;

As the Ninth Circuit explained, a district court does not get to prejudge the appeal and "deter" appeals it does not like through excessive appeal bonds. *Azizian*, 499

F.3d at 961; *Vaughn*, 507 F.3d at 299; *Am. President Lines*, 779 F.2d 714; *but see Adsani*, 139 F.3d at 79. If a judge improperly chills appeals of its decisions, it could forever avoid review of its rulings. *Cf. Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) ("A district judge ought not try to insulate his decisions from appellate review....").

Attached are two very recent examples of two judges in this district granting in forma status, but not here strangely. (Exhibit 1) Commission income and expenses are essentially the same and the cases all have similar issues with the same law firm making many of the same reversible errors repeatedly.

I certify under penalty of perjury of the United States that all of the above is true and accurate to the best of my knowledge.

*[signature]*

Christopher Andrews, Pro Se Objector, PO Box 530394 Livonia, MI 48153-0394

Telephone 248-635-3810 and email caaloa@gmail.com   September 18, 2017

## Proof of Service

I hereby certify that on this day September 18, 2017 the objector mailed a copy of this document to the Class Action Clerk, U.S. District Court for the Northern District of California, 1301 Clay Street Oakland California 94612 via USPS Priority Mail. A copy was mailed to Hagens Berman via prepaid first class mail.

*/s/ Christopher Andrews*

Christopher Andrews, Pro Se Objector, PO Box 530394 Livonia, MI 48153-0394

Telephone 248-635-3810 and email caaloa@gmail.com

Exhibit

1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: LITHIUM ION BATTERIES ANTITRUST LITIGATION<br><br>This Order Relates to:<br><br>The Indirect Purchaser Plaintiffs | Case No.13-md-02420-YGR<br><br>**ORDER GRANTING MOTION OF OBJECTOR CHRISTOPHER ANDREWS TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>Re: Dkt. No. 1740 |

Good cause appearing, pursuant to 28 U.S.C. § 1915(a), the request of Objector Christopher Andrews to proceed in forma pauperis on appeal is hereby **GRANTED**.

**IT IS SO ORDERED.**

Dated: April 21, 2017

YVONNE GONZALEZ ROGERS
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPTICAL DISK DRIVE ANTITRUST LITIGATION | CASE NO. 3:10-md-2143 RS<br><br>**ORDER GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*** |

The motion of objector Christopher Andrews for leave to appeal *in form pauperis* (Dkt. No. 2196) is granted.

IT IS SO ORDERED.

Dated: February 22, 2017

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE