**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW EDWARDS; et al.,<br><br>        Plaintiffs-Appellees,<br><br> v.<br><br>CHRISTOPHER ANDREWS,<br><br>        Objector-Appellant,<br><br> v.<br><br>NATIONAL MILK PRODUCERS FEDERATION, AKA Cooperatives Working Together; et al.,<br><br>        Defendants-Appellees. | No.   17-16459<br><br>D.C. Nos.   4:11-cv-04766-JSW<br>                  4:11-cv-04791-JSW<br>                  4:11-cv-05253-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted April 27, 2021[**]
San Francisco, California

Before: D.W. NELSON, CLIFTON, and BUMATAY, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument, and denies Andrews' request for oral argument, contained in his opening brief. *See* Fed. R. App. P. 34(a)(2).

Christopher Andrews appeals pro se from the district court's judgment and order approving a class action settlement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly found that the plaintiffs' class notice satisfied Federal Rule of Civil Procedure 23 and due process because, among other things, the plaintiffs' expert opined that at least 75 percent of the class received notice. *See Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993) (stating standard of review and indicating that adequate notice is measured by whether the class as a whole receives adequate notice, not whether all individual class members receive notice). As for Andrews' assertion that a Spanish version of the notice was required, Andrews does not have standing to make this argument. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way.'") (simplified); *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1020 (9th Cir. 2003) (refusing to address an argument that the appellant "lack[ed] standing to make"); *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1127 (9th Cir. 2002) ("[A] plaintiff must demonstrate standing separately for each form of relief sought.") (simplified).

The district court did not abuse its discretion in awarding each named plaintiff an incentive payment of $5,000. *See In re Online DVD-Rental Antitrust*

*Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (explaining standard of review). Contrary to Andrews' argument, the disparity between the incentive payment and the payment to class members is, on its own, insufficient to create a conflict of interest. *See id.* at 943. We further note that, in this case, the named plaintiffs were required to participate in multiple rounds of discovery and to sit for depositions. *See, e.g.*, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (incentive awards are intended, among other things, "to compensate class representatives for work done on behalf of the class").

We reject as without merit Andrews' arguments that the district court violated his due process and First Amendment rights when it restricted the scope of his oral argument. *See, e.g.*, *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue. . . . The opportunity to brief the issue fully satisfies due process requirements." (citations omitted)).

We reject as unsupported by the record Andrews' argument that the district court abused its discretion in overruling Andrews' objections regarding the public availability of the expert reports produced for the case.

**AFFIRMED.**